**STATE, Plaintiff-Appellee, v. LARASON, Defendant-Appellant.**

Common Pleas Court, Licking County.

No. 43048. Decided November 20, 1956.

212

Virginia Weiss, Newark, for plaintiff-appellee.
Walter U. Bolton, Newark, for defendant-appellant.

## OPINION

By HOLTSBERRY, J.

An affidavit was sworn to by complainant, Virginia Weiss, against Thomas L. Larason, August 8, 1956, charging that on or about said date defendant "unlawfully trespassed upon the land of the complainant contrary to §2909.21 R. C."

Defendant waived trial by jury and trial resulting in conviction was held by the Justice of the Peace of Union Township, Licking County, Ohio.

Appellant contends the conviction should be reversed as being contrary to law in that no proof of any criminal intent was offered and that the evidence was not sufficient to warrant a verdict of guilty.

The record reveals that during the month prior to defendant's arrest he had entered into a contract for the purchase of an acre of ground with a cabin thereon, from one Wilfred Britton. A deed introduced in evidence and being prior in time to the alleged trespassing incident grants an easement which appears to be over and across the land of the complainant, Weiss. Defendant had parked his automobile on what he believed was his easement on this day in question, and took his ladders and equipment to said cabin and painted until around five-thirty p. m., upon returning to the automobile he found all four tires deflated. The air had been removed by direction of complainant, Weiss.

Sec. 2909.21 R. C., under which defendant was prosecuted reads as follows:

"No person shall enter without lawful authority upon the land or premises of another, or being upon the land or premises of another, upon being notified to depart therefrom by the owner or occupant, or the agent or servant of either, without lawful authority neglect or refuse to depart therefrom.

"Whoever violates this section shall be fined not more than fifty dollars or imprisoned not more than thirty days, or both."

The Court notes that the wording of §2909.21 R. C., is somewhat different from former §12522 GC. Under the former section it was originally required that unlawful entry be first forbidden, or if unlawful entry made, that notice to depart and neglect or refusal to do so be present. Old §12522 GC, was amended in 1941 using the word wilfully in connection with entry without lawful authority.

Under our present Ohio Statutes there appears two possible types of violation. (1) Entry without lawful authority upon the land or premises of another. (2) That a person without legal authority neglect or refuse to leave upon being notified to do so.

In the instant case we have only the first branch of the statute to be concerned with since there is no claim by the prosecution that any notice was given. Therefore, our question is did defendant enter without legal authority upon the land of complainant so as to constitute a crime within the contemplation of §2909.21 R. C.?

Whether defendant parked on the granted easement or by mistake was on another lane he believed to be the easement would be immaterial as this Court views the question. The instant case is a criminal one and not civil. A criminal trial is not the place to determine equitable property rights. Civil and criminal trespass are different things. Trespass statutes, criminal in nature, have in general been construed somewhat strictly, and do not afford a substitute for other adequate civil remedies for trespass. (52 American Jurisprudence [Trespass] Section 85; **State v. Shackleford, 100 Oh Ap 487.**)

It is an abuse of a penal statute relating to criminal trespass to use it to try disputed rights in real property. (Steele v. State, 191, Indiana, 350.)

In accordance with the general rule that the existence of a criminal intent is an essential element of a statutory offense, it is the rule in many jurisdictions that criminal intent is an essential element of the statutory offense of trespass even though the statute is silent as to intent; and if the act prohibited is committed in good faith under claim of right or color of title, although accused be mistaken as to his right, unless it is committed with force or violence of a breach of the peace, no conviction will lie, the view being taken that it will not be presumed that the Legislature intended to punish criminally, acts committed in ignorance, by mistake, or under claim of right, and in the bona fide belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction.

This Court quotes this statement from 87 Corpus Secundum, page 1102 with approval. Also see **12 O. Jur., page 311;** 146 A. L. R., 655; State v. Ellen, 68 N. C., 281.

The right of an easement owner to park on an easement would depend upon the circumstances of each case, with the gist being that the right is present so long as there is no unreasonable interference with the rights of the servient estate. 37 A. L. R., 2nd, page 944.

It must be concluded from the record that defendant parked his automobile where he did in good faith and without any malice, and there is nothing in the record indicating that his belief in his right to do the act complained of did not have a fair and reasonable foundation. In fact, complainant testified at page 69 of the transcript that defendant parked with innocent belief that he had such right.

The law throws around a defendant in a criminal case a sheath of presumed innocence for his protection which must be overthrown by proof such as excludes every reasonable doubt of guilt.

The conviction of defendant is clearly and manifestly contrary to the evidence. There is no evidence in the record justifying the finding of guilty.

The conviction is hereby reversed.