THE STATE OF OHIO, APPELLEE, *v.* HOHMAN, APPELLANT.

(No. CA83-01-006—Decided August 31, 1983.)

*Mr. George E. Pattison,* prosecuting attorney, and *Mr. Greg Chapman,* for appellee.

*Messrs. Kircher & Phalen* and *Mr. Robert B. Newman,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the County Court of Clermont County.

On November 22, 1982, defendant-appellant, Thomas D. Hohman, visited the Batavia Nursing and Convalescent Inn ("BNCI"), located in Clermont County, Ohio. Appellant, a labor organizer with the AFL-CIO, from Wisconsin, was accompanied by an employee of BNCI and several other individuals who were former employees of BNCI. Appellant was present for the ostensible purpose of visiting some of the home's resident patients.

There was undisputed evidence that appellant was in the home during its normal visiting hours. Employees of BNCI testified that they saw appellant in various parts of the home, including the snack bar where several employees were present. Appellant was seen talking to some of the employees, and allegedly announced to the employees that they were all invited to a union meeting.

Helen Sharon, the assistant administrator of BNCI, testified that she informed appellant that he had no permission to be in the building and she requested that he leave. Appellant claimed that he had written invitations from several resident patients requesting a visit. Appellant did not personally know any of the residents who requested a visit and the invitations were secured by Ruth Lawson, the BNCI employee who accompanied appellant during his visit. Lawson testified that appellant did in fact visit with two of the residents who had invited him. The length of appellant's visit lasted no more than ten or fifteen minutes. Appellant and his party then left BNCI.

Based on a complaint filed by the administrator of BNCI, appellant was charged with criminal trespass in violation of R.C. 2911.21(A)(1). Trial was held without a jury and appellant was found guilty and sentenced to thirty days in jail and fined $250. The court suspended the jail sentence and placed appellant on probation for one year. Appellant filed a notice of appeal and presented a single assignment of error which is as follows:

"The trial court erred in finding defendant guilty of trespass."

Ohio's criminal trespass statute provides in part that no person, without privilege to do so, shall knowingly enter

or remain on the land or premises of another. R.C. 2911.21(A)(1). A privilege is defined as an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity. R.C. 2901.01(L). Trespass statutes, criminal in nature, are generally to be strictly construed. *State* v. *Larason* (C.P. 1956), 75 Ohio Law Abs. 211, 213. See, also, 75 American Jurisprudence 2d (1974) 71, Trespass, Section 87.

The state has the burden of establishing all material elements of a crime by proof beyond a reasonable doubt. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 153 [16 O.O.3d 169]; R.C. 2901.05 (A). Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs. R.C. 2901.05(D). In addition, the test to be applied to determine the sufficiency of the evidence is whether reasonable minds can reach different conclusions on the issue of whether a defendant is guilty beyond a reasonable doubt. *State* v. *Black* (1978), 54 Ohio St. 2d 304, 308 [8 O.O.3d 296]. In the case at bar, the state has failed to show by proof beyond a reasonable doubt that appellant was without privilege to be on the premises of BNCI.

Appellant claims he was present at BNCI at the request of several of the home's resident patients. BNCI falls within the statutory definition of "[h]ome" as set forth in R.C. 3721.10 (A). Thus, as residents of such a home, BNCI's patients are entitled to enjoy the various rights listed in R.C. 3721.13, including the right to receive private visits at any reasonable hour. R.C. 3721.13(A) (20)(c).

We cannot ignore the fact that evidence offered by appellant indicated that his presence was requested by several of BNCI's residents. While we may question appellant's obviously ulterior motives for visiting BNCI, such considerations are not relevant to the issue of whether or not appellant's presence was privileged or unprivileged under R.C. 2911.21(A)(1). BNCI's residents are entitled by law to receive visitors and as appellant was present at the request of BNCI residents and was present during the home's normal visiting hours, we feel that the state has failed to prove a lack of privilege beyond a reasonable doubt.

The case at bar is unlike those situations where criminal trespass statutes have been used to prevent non-employees from entering industrial and commercial working places to engage in union-related activities. See *Lawson Milk Co.* v. *Retail Clerks Union* (1977), 59 Ohio App. 2d 207 [13 O.O.3d 229]. But a nursing home is not like a factory. While employees may not have the right to receive visitors during working hours, a similar standard is not applicable to nursing home residents.

In addition, R.C. 2911.21(A)(1) was not an appropriate remedy for the situation presented herein. Criminal trespass statutes do not afford a substitute for other adequate civil remedies for trespass. *Larason, supra.* See, also, Civ. R. 65; 75 American Jurisprudence 2d (1974) 71, Trespass, Section 87; Annotation (1958), 60 A.L.R.2d 316.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed and the appellant is discharged.

Costs to be taxed in compliance with App. R. 24.

*Judgment reversed.*

KOEHLER and JONES, JJ., concur.

HENDRICKSON, P.J., dissents.