VILLAGE OF MARIEMONT *v.* WELLS.

(No. C 86 CRB 9778 — Decided
October 17, 1986.)

Hamilton County Municipal Court.

*Kenneth Heuck, Jr.,* for plaintiff.
*Sal Scrofano,* for defendant.

———

PAINTER, J. This matter came on for trial to the court on July 28, 1986. From the evidence adduced at trial, it is clear that the facts are not in dispute.

Defendant Gerald Wells, age twenty-five, became acquainted with one Angela Rawers, age sixteen. Angela lived with her mother and younger sister in an apartment in Mariemont, Ohio.

On March 4, 1986, Mrs. Rawers had a business appointment in Boston. She advised both of her daughters that they were to have no visitors while she was away, that she would be gone one night, and that she would call in at approximately 10:30 p.m. to make sure everything was all right.

Seizing the opportunity thus presented, Angela proceeded to call Wells and invite him to appear at the residence shortly after 10:30 p.m., when the call would be completed, and the younger sister would be asleep. Mrs. Rawers did call her daughter at the appointed time and Angela told her mother that she was studying and that her younger sister was asleep. Wells did appear at the appointed time and though it is not clear from the record, assumedly the studying abruptly ceased, or had not in fact begun, which would mean that Angela was guilty of telling an untruth to her mother. Fortunately, the telling of an untruth by a teenager to his or her parents has not been made a crime cognizable by this court, though quite obviously such prevarication is rare, if not unknown, in the community of Mariemont.

The above incident would probably never have come to the attention of the mother, the authorities, or this court, but for the fact that Angela had some type of seizure at approximately 6:30 a.m. the following morning. Angela had evidently been subject to such seizures in the past, and there is no allegation that the seizure was in any way related to any actions of Wells.

Quite naturally, defendant became upset and concerned about the seizure and hastened to a nearby chili parlor to call the Mariemont police. Unfortunately, the defendant was not quite sure of the address of the Rawers residence. Officer Colvin of the Mariemont police testified that he found the defendant walking around the neighborhood after the call.

In the meantime, Mrs. Rawers had called her house and her daughter was incoherent while talking on the phone. She then called her former husband who went to the residence and took Angela to the hospital, where Angela was treated for her seizure and thereafter returned to her prior state of relative normalcy.

The defendant was then charged with a violation of Section 131.09 of the Ordinances of the village of Mariemont, which section is identical with R.C. 2911.21, which provides in pertinent part:

"(A) No person without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another * * *."

In order for the defendant to be guilty of the above charge, the state must prove beyond a reasonable doubt defendant did knowingly enter or remain on the premises and was not privileged to be there. Obviously, the defendant did enter upon the premises of another, so the question becomes whether he was not privileged to be there beyond a reasonable doubt.

"Privilege" is defined by R.C. 2901.01(L) as "an immunity, license, or right conferred by law, or bestowed by an express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity." Privilege may include permission. Committee Comment to R.C. 2911.21.

While we have been cited no cases directly on point, and our research has uncovered none, two Ohio cases are at least somewhat relevant. The Clermont County Court of Appeals in *State* v. *Hohman* (1983), 14 Ohio App. 3d 142, 14 OBR 158, 470 N.E. 2d 162, reversed a conviction of trespass because the state failed to prove the lack of privilege beyond a reasonable doubt. In *Hohman,* the defendant, a labor organizer, visited a nursing home to talk to the employees. An administrator of the home told the defendant that he did not have permission to be there and asked him to leave. There was also evidence that the defendant was invited to the home by some of its residents. Because these invitations could not be ignored, the court was not convinced beyond a reasonable doubt that the defendant was without privilege to be at the home.

The prosecution has argued that only Mrs. Rawers, as the lessee of the premises, could give permission for entry. That proposition, carried to its logical conclusion, would place upon all citizens a duty to examine property records or leases in order to conduct their ordinary, everyday affairs. This court does not believe that such a construction of the criminal trespass law is reasonable. In *State* v. *Herder* (1979), 65 Ohio App. 2d 70, 19 O.O. 3d 47, 415 N.E. 2d 1000, the Franklin County Court of Appeals held as prejudicially erroneous the trial court's charge to the jury that only the defendant's wife, the sole resident of the former marital premises, could give anyone permission to enter the residence. Evidence in that case indicated that the defendant's seven-year-old daughter opened the door for him to enter. The court stated: "If, as defendant testified, he knocked on the door and his daughter opened the door and he stepped in, the 'permission' from his daughter could be sufficient to allow him to enter the premises without violating R.C. 2911.21(A)(1)." *Herder,* at 74, 19 O.O. 3d at 50, 415 N.E. 2d at 1003.

The result herein might be different if Mrs. Rawers had directly communicated to the defendant that he was prohibited from entering the property, but since she did not know him, such communication would have been impossible. Also, of course, the defendant did not exercise good judgment in his conduct, but society's disapproval of his actions notwithstanding, this court cannot find beyond a reasonable doubt that he violated the section under which he stands charged.

*Defendant discharged.*