**The STATE of Ohio, Appellee,**

**v.**

**SHELTON, Appellant.**

[Cite as *State v. Shelton* (1989), 63 Ohio App.3d 137.]

Court of Appeals of Ohio,
Highland County.

No. 697.

Decided May 9, 1989.

*Fred Beery*, City Law Director, for appellee.

*Jon C. Hapner*, for appellant.

GREY, Presiding Judge.

Appellant, Sally Ann Shelton, was convicted of violating R.C. 2911.21(A)(3), criminal trespass. She appeals, designating two assignments of error. The appellee, state of Ohio, failed to file a brief in this case. We reverse.

The facts show that sometime in the afternoon of April 5, 1988, appellant came to the Sheriff's Department. The sheriff testified:

"A. O.K., she came into the Sheriff's Office, I'm not sure what time in the afternoon it was, she'd been there on previous occasions. She went around to the jailer's door and we sent her around to the front door. She came in. At that time I told here [sic] we did not want her coming back into the Sheriff's Office anymore. We did not want her making any phone calls to the Sheriff's Office. The next time she did come into the Sheriff's Office she would be arrested for trespassing."

At 10:00 p.m., appellant returned to the lobby of the sheriff's office and asked for money from an inmate's account. Deputy Jones, who knew the appellant because he had warned her to stay away from the jail, was on duty at that time and arrested her. Deputy Jones testified that she was not asked to leave, and that at the time of her arrest she was in the public lobby, which is open twenty-four hours a day. Deputy Jones further admitted that, essentially, appellant was arrested because she was a nuisance.

Appellant appeals, designating two assignments of error.

"First Assignment of Error

"The trial court was in error in finding her guilty, in as much as no crime was committed, the entering of a public place, which has access to all members of the public is not a violation of the statute.

"Second Assignment of Error

"The imposition of a suspended sentence of thirty (30) days in jail conditioned upon paying the counsel fees is illegal, and a violation of Rule 44 of the Rules of Criminal Procedure."

R.C. 2911.21(A)(3) states that no person shall:

"Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access[.]"

It is well established that trespass can be committed on public land. *Adderley v. Florida* (1966), 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149. See, also, the discussion in the dissent in *Athens v. Bromall* (1969), 20 Ohio App.2d 140, 49 O.O.2d 166, 252 N.E.2d 298.

When R.C. 2911.21 was enacted, it embraced four concepts: privilege, entry, failure to withdraw, and entry into restricted areas. See Committee Comment to H.B. No. 511. In the case before us, appellant did not enter a restricted area and did not refuse to leave. The issue is: Did she have a privilege to enter the lobby of the sheriff's office? As a general rule, a

person has the right to enter and be upon the public areas of public property. So we have to ask: May a county official revoke such a privilege when the official finds that person to be a nuisance? We think not.

The state has failed to prove all the elements of trespass. *Beachwood v. Cohen* (1986), 29 Ohio App.3d 226, 29 OBR 272, 504 N.E.2d 1186. Unlike *Adderley* and *Bromall, supra,* where the defendants refused to leave and generally caused a disturbance, the concept of privilege has been broadly construed, and the state has been required to prove lack of privilege. *Mariemont v. Wells* (1986), 33 Ohio Misc.2d 9, 514 N.E.2d 764; *State v. Hohman* (1983), 14 Ohio App.3d 142, 14 OBR 158, 470 N.E.2d 162; *State v. Herder* (1979), 65 Ohio App.2d 70, 19 O.O.3d 47, 415 N.E.2d 1000.

Assignment of error one is well taken and is sustained.

Assignment of error two is also sustained.

■ The court's sentence here violates both the Constitution and state statutes.

A person is entitled to counsel under the Sixth Amendment to the United States Constitution and, if indigent, to appointed counsel. In Ohio, this right is codified in Crim.R. 5(A), which requires the court to inform a defendant upon initial appearance:

"(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel[.]"

If a sentencing court adopts a policy of making reimbursement of the cost of appointed counsel a condition of probation, the chilling effect on the Sixth Amendment right is obvious.

R.C. 2929.22(E) says that a court shall not, in addition to imposing a jail sentence for a misdemeanor, also impose a fine except to deter certain kinds of conduct. The sentence imposed here is clearly designed to deter misdemeanor defendants from seeking counsel.

While costs may be assessed against a defendant in a proper case under R.C. 2929.15(A), that section does not include attorney fees, and the costs can only be assessed after a hearing on the defendant's ability to pay. Restitution can be ordered under R.C. 2951.02(C). There is absolutely nothing in the statute, however, that establishes repayment of the costs of appointed counsel as a legitimate condition for suspension of sentence. Such a provision would not withstand constitutional scrutiny. Assignment of error two is well taken and sustained.

The judgment of the trial court is reversed and defendant is ordered discharged.

*Judgment accordingly.*

HOMER E. ABELE and STEPHENSON, JJ., concur.