The STATE of Ohio, Appellee,

v.

NEWELL, Appellant.

[Cite as *State v. Newell* (1994), 93 Ohio App.3d 609.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930417.

Decided May 11, 1994.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove* and *Krista P. Settle,* Assistant City Solicitors, for appellee.

*Thomas W. Miller* and *W. Kelly Johnson,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the record filed herein, the briefs, and arguments.

This appeal involves the weight and sufficiency of the evidence used to convict defendant-appellant, Charles Newell, of criminal trespass.

The defendant in this case had a sister who lived in a Cincinnati Metropolitan Housing Authority ("CMHA") project in Millvale. On two occasions prior to his arrest, defendant had been warned by a police officer, acting as agent for CMHA,[1] that his privilege to be on this property was restricted to being with his sister, in her house, or coming or going from the parking lot where she lived. The defendant signed both warning notices, and admits knowing that his access was thus restricted.

On November 30, 1992, defendant was visiting his sister at her apartment. Defendant testified that he saw a friend outside and went out to speak with him. A police officer saw him standing on the sidewalk in the area of Millvale Circle with a group of men and cited him for criminal trespass in violation of R.C. 2911.21.[2] He was found guilty of this offense by the trial court.

Defendant presents a single assignment of error[3] challenging both the weight and sufficiency of the evidence used to convict him.

R.C. 2911.21 reads, in pertinent part:

"(A) No person, without privilege to do so, shall do any of the following:

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard.

"(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender * * *."

---

1. All references to police officers in this case involve off-duty Cincinnati police officers acting as agents of CMHA and not in their capacity as police officers for the city of Cincinnati.

2. There is nothing in the record to indicate under what subsection of R.C. 2911.21 defendant was charged; however, defendant raised no objection to this lack of specificity.

3. Defendant's assignment of error actually is framed in terms of the charge of criminal damaging. At oral argument both counsel acknowledged that they understood this was an error and that criminal trespass is the charge at issue in the case.

In a criminal trespass charge, the state is required to prove lack of privilege. *State v. Shelton* (1989), 63 Ohio App.3d 137, 578 N.E.2d 473; *State v. Hohman* (1983), 14 Ohio App.3d 142, 14 OBR 158, 470 N.E.2d 162. In this case, the state concedes that the defendant had a privilege to be on the property of CMHA but argues that the police officers restricted that privilege when they issued defendant the warnings. The state reasons that when defendant was again sighted on CMHA property on November 30, the officer determined that defendant had violated the restrictions and properly cited him for trespass. The defendant asserts that his sister's invitations superseded any prior warnings given by off-duty police officers.

Because of the state of the record, we need not reach the difficult question of whether the defendant's privilege to be on the CMHA property at his sister's invitation was validly and reasonably restricted. The state has failed to present sufficient evidence to prove beyond a reasonable doubt that when the defendant was cited for trespass, he was actually on property belonging to CMHA. The state does not allege that defendant was engaged in any criminal activity other than the alleged trespassing.

This decision should not be read as holding that what would be unlawful conduct elsewhere will somehow be tolerated because this is public housing. It is well established that trespass can be committed on public land. *Adderly v. Florida* (1966), 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149. Further, in Ohio, pursuant to statute, it is no defense to a criminal trespass charge that the land or premises involved was owned by, controlled by or in custody of a public agency. R.C. 2911.21(B). See, also, *Dayton v. Moore* (Mar. 25, 1993), Montgomery App. No. 13368, unreported, 1993 WL 81966.

What we have in this case, however, is simply a failure of proof by the state of one of the essential elements of the offense with which defendant was charged. See *State v. Adams* (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 170, 404 N.E.2d 144, 146. Because of the insufficiency of the evidence in this case, the judgment of the trial court is reversed and the defendant is discharged.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.

Exceptions noted.

*Judgment reversed.*

SHANNON, P.J., KLUSMEIER and M.B. BETTMAN, JJ., concur.