OPINION
Although this appeal was originally placed on the accelerated docket, we have elected to render a full opinion in accordance with Loc.R. 12(5).
On November 4, 1999, Appellant, Todd A. Hites, was arrested and charged with one count of criminal trespass due to his allegedly unlawful presence in a residential unit of the Lima Estate Apartments. At his arraignment in the Lima Municipal Court, Appellant entered a not guilty plea and the cause was set for trial. Rather than conduct a complete trial, however, the parties opted to submit the following written stipulation of facts:
 1. Lima Estate Apartments is a federally subsidized housing unit located at 510 E. North Street, Lima, Allen County, Ohio.
 2. The Management Company for Lima Estate Apartments, through its apartment manager, gave power of attorney to Troy D. Parker giving him the right to take any action necessary to prohibit, prevent or prosecute any person on the premises of Lima Estate Apartments.
 3. On October 18, 1999, Troy Parker, witnessed by Patrolman Bean, personally notified the Defendant, Todd Hites, that effective immediately his presence on any common area, including any parking lot, playground, sidewalk, grassy area, driveway or within any apartment or on any porch or in the office of the complex known as the Lima Estate Apartments * * * was strictly forbidden. Further, if Todd Hites was located on any common area or within any apartment at the Lima Estate Apartments, he would be subject to immediate arrest and criminal prosecution.
 4. Troy Parker read the written notice to Todd Hites who refused to accept or sign said written notice. Patrolman Bean was present and witnessed the reading of the notice to Todd Hites.
 5. On November 4, 1999, Patrolman Bean observed Todd Hites at the Lima Estate Apartments in an upstairs bedroom in Apartment 6C and the Defendant was placed under arrest for violation of * * * R.C. 2911.21(A)(1).
 6. Apartment 6C is leased by Stephanie Stephens. Todd Hites was at the apartment in question on that date and time by invitation of the lessee, Stephanie Stephens.
* * *
After reviewing the stipulation and the written arguments submitted by both sides, the trial court found Appellant guilty of criminal trespass in a March 6, 2000 judgment entry. The court imposed a thirty day jail sentence, suspended on the condition that Appellant remain off the premises of the Lima Estate Apartments in the absence of permission to be there from either the owner or the owner's agent. These events prompted Appellant to perfect this timely appeal. For the sake of clarity and brevity, we will address Appellant's first two assignments of error simultaneously:
 Assignment of Error I The trial court committed error prejudicial to the Defendant in holding that the landlord or agent of the landlord may exclude an invitee of a lessee in violation of the lessee's grant of privilege and thereby convicting the Defendant of criminal trespass.
 Assignment of Error II The trial court committed error prejudicial to the Defendant in holding that the Defendant committed a criminal trespass offense against the landlord by crossing common areas of an apartment complex to reach the apartment of a lessee that had invited him on the premises.
 Under R.C. 2911.21(A)(1), a person is guilty of criminal trespass if, without privilege, he or she "knowingly enter[s] or remain[s] on the land or premises of another." The Revised Code specifically defines "land or premises" to include "any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof." R.C. 2911.21(E). The term "privilege" is also defined as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). With respect to criminal trespass, privilege can arise from simple permission. See 1974 Committee Comment to H 511.
It is well settled that the state has the burden of establishing all material elements of a crime with proof beyond a reasonable doubt. State v. Adams (1980), 62 Ohio St.2d 151, 153;404 N.E.2d 144, R.C. 2901.05. In a prosecution for criminal trespass, the state is required to prove that the accused acted without privilege. State v. Newell (1994), 93 Ohio App.3d 609,611, 639 N.E.2d 513. We believe that in the case at bar, the state has failed to establish lack of privilege beyond a reasonable doubt.
The trial court found that although lessees generally have the right to invite "any person of their choosing inside their residence as long as such visitation [does] not interfere with the rights of other tenants or violate [the] lease agreement, * * * it is without question that the landlord can control access to common areas and prohibit those persons not allowed on the premises from being in those areas." Thus, even though Stephanie Stephens clearly invited Appellant to her residence, the court apparently held that since the owner had the right to control the common areas, and because it could easily be inferred that Appellant had to traverse those areas in order to reach Apartment 6C, the fact that he was given permission to be inside the residence had no bearing on the issue of whether Appellant was privileged to be present at the Lima Estate Apartments. We are not persuaded.
In Kent v. Hermann (Mar. 8, 1996), Portage App. No. 95-P-0042, unreported a case with nearly identical facts, the Eleventh District Court of Appeals reversed a conviction for criminal trespass by ruling that unless a lease agreement specifies reasonable restrictions on guest privileges as to certain common areas, "an individual invited into the rental unit by the tenant could not be guilty of trespassing on the owner's premises even though the owner expressly instructed the person not to come onto the property." In reaching this conclusion, the court stated that since relevant property laws provide the tenant with a superior possessory right, evidenced by the fact that an owner may be convicted of criminal trespass during the term of a lease, then the owner may not preclude tenants from inviting guests onto the premises, including the common areas. "As noted, a landlord gives up his possessory interest in the rental unit. Similarly, the landlord's rights in limiting common ingress and egress ways to guests of the tenant must also be generally qualified so as to permit access to the renter's apartment." Id. at * * 3.
We agree with this analysis and hold that an owner of an apartment complex cannot prohibit guests, invited by the tenant, from being present on the property. The criminal trespass statute does not provide a substitute for other adequate remedies in the event that the tenants or their guests interfere with the rights of others and/or violate a valid condition of the lease agreement.
Based upon the foregoing, Appellant's first and second assignments of error are sustained.
 Assignment of Error III The trial court committed error prejudicial to the Defendant in holding that there is no constitutional issue of violation of the right of freedom of association and travel involved in this case and that the State of Ohio's activities herein violate those rights.
 Appellant argues herein that the owner and agents of Lima Estate Apartments, a federally subsidized housing unit, violated his constitutional right of freedom of association by prohibiting him from visiting with Stephanie Stephens in her apartment. Assuming, without deciding, that this case involves the requisite "state action" in order to trigger an analysis under the United States Constitution, we find that Appellant's argument must fail.
The United States Supreme Court has long recognized aFirst Amendment right of freedom of association by protecting the "choices to enter into and maintain certain intimate human relationships." See Roberts v. United States Jaycees (1984),468 U.S. 609, 617, 104 S.Ct. 3244, 3250, 82 L.Ed.2d 462, 472. However, Appellant does not maintain that he was prohibited from creating and cultivating an intimate relationship with Stephanie Stephens, only that he has been precluded from doing so on the premises of the Lima Estate Apartments. As such, a violation of personal liberty has not been asserted so as to implicate this right. See, also, Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524,529, 709 N.E.2d 1148 (holding that just because a city ordinance forbids juveniles from being present in a billiard hall, the law does not violate the right of freedom of association because it does not preclude the creation and cultivation of an intimate relationship with a juvenile).
Appellant's third assignment of error is overruled.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed.
Judgment reversed.
 SHAW and BRYANT, JJ., concur.