[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Mike Kaiser tows cars for Cincinnati and the Hamilton County Sheriff's Department. He recently purchased two undeveloped acres of property from a wrecking company and began to develop the site into a holding lot for the towed cars. When construction began, Kaiser drove by the property on his way to the city's impound lot and noticed two men loading unearthed stones into a pickup truck. He called the police to tell them that a "breaking and entering" was in progress, and continued to watch the men from a distance.
The police arrived, drove onto the property, and approached defendant-appellant Mark Elstun and his friend Jerry Adams, the truck's owner. According to Elstun, he was taking the stones to build a flowerbed. He also testified in the trial court that several days earlier someone who had been operating construction equipment on the site, and who had identified himself as James Smith, had given him permission to take some of the stones.
But Kaiser was adamant that he had no employee by the name of James Smith and that the stones were very valuable. He also testified that he had placed "no trespassing" signs around the property, but that they had been stolen. The property was only partially fenced.
Apparently a grand jury was not convinced that the stones were as valuable as Kaiser believed them to be, and so rather than being indicted for a felony, Elstun was charged with two misdemeanor offenses: criminal trespass[1] and attempted theft.[2] The trial court found that, to the extent that Elstun had been granted permission by Smith to come onto the property and to take some stones, that permission had been valid for only the date on which it had been extended. The court also found that Elstun had thought that he had permission to be on the property. Accordingly, the court found him not guilty of attempted theft. But, somewhat contradictorily, the court then found him guilty of criminal trespass.
Elstun now challenges his trespass conviction, claiming that it was not supported by sufficient evidence and that it was against the manifest weight of the evidence. He also argues that the trial court should have granted his motion for acquittal after the state had presented its case.[3] Because we accept the trial court's finding that Elstun believed that he had permission to be on the property, and because the state introduced no evidence to prove that Elstun did not have a privilege to be there, we must reverse Elstun's conviction for trespass due to insufficient evidence.
Elstun was charged with criminal trespass under R.C. 2911.21. The record does not reflect which of the four specific subsections of the statute that Elstun was alleged to have violated, but Elstun does not object to this lack of specificity. Based on the circumstances and the assumption made in the state's brief, we address the most general of the subsections, which states that "[n]o person, without privilege to do so shall * * * knowingly enter or remain on the land or premises of another."[4]
It is undisputed that Elstun knowingly entered the land of another. But, in a criminal-trespass case, the state is also required to prove beyond a reasonable doubt that the defendant did not have a privilege to do so.[5] Permission is a type of privilege.[6]
When we review a criminal conviction to determine whether it is supported by sufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[7]
At Elstun's trial, there was insufficient evidence to prove that he had no privilege to be on the property. The land had been abandoned for years. And while it was undergoing some form of development, Elstun encountered no fence or signs restricting his access. When this evidence is coupled with testimony, credited by the trial judge, that he thought he had permission to be there, Elstun's conviction must be reversed for insufficient evidence. Our reversal on this basis renders Elstun's remaining assignments of error moot.
Therefore, the judgment of the trial court is reversed, and Elstun is discharged. Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Winkler, JJ.
[1] See R.C. 2911.21
[2] See R.C. 2923.02
[3] See Crim.R. 29
[4] See R.C. 2911.21(A)(1).
[5] See State v. Newell (1994), 93 Ohio App.3d 609, 611,639 N.E.2d 513, 514, citing State v. Shelton (1989), 63 Ohio App.3d 137,578 N.E.2d 473, and State v. Hohman (1983), 14 Ohio App.3d 142,470 N.E.2d 162.
[6] See Mariemont v. Wells (1986), 33 Ohio Misc.2d 9, 10,514 N.E.2d 764, 765, citing Committee Comment to R.C. 2911.21.
[7] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.