DECISION
Misty L. Meachem, a minor, appellant, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the court adopted the magistrate's decision adjudicating appellant a delinquent minor for a charge that if committed by an adult would constitute burglary, in violation of R.C. 2911.12(A)(4), a fourth-degree felony, placing appellant on probation for one year, and granting the Franklin County Children Services ("FCCS") a temporary court commitment.
On January 31, 2001, at approximately 11:10 p.m., June Gibbs was sleeping at her residence when she heard a knock on her door. Believing the female at the door was her niece, Gibbs opened the front door, and an agitated and incoherent young woman, later identified as Diana Van Person, told Gibbs she needed help and had to find her aunt. Gibbs opened the screen door and invited Van Person into her house and the two talked for approximately ten minutes. During this discussion, appellant entered the residence through the doors. Gibbs claimed appellant entered her residence without permission, but appellant testified she knocked first and Gibbs granted her permission to enter. Appellant then told Gibbs she had to get home, was only fourteen, and lived in Delaware. Gibbs testified that appellant then asked if she could use the bathroom.
Three to five minutes later, Madison Township Police Officer Scott Clines arrived at Gibbs's house. Earlier that evening, Officer Clines had observed a woman erratically driving a Ford Bronco. He also observed a female passenger in the vehicle. Clines turned his vehicle around in a nearby parking lot and headed in the same direction as the Bronco. He located the Bronco parked in the middle of the road. The passenger window was broken, the vent window was pried open, and the steering column was "peeled." The officer went to a nearby residence to look for the two females. Upon arriving at Gibbs's residence, Officer Clines found Van Person inside and Gibbs told the officer that the other female, appellant, was in the bathroom. Appellant was arrested for an unrelated probation violation warrant for leaving FCCS placement.
Appellant was eventually charged with burglary, in violation of R.C.2911.12(A)(4), a fourth-degree felony if committed by an adult. On May 4, 2001, a hearing was held before a magistrate and the magistrate found appellant delinquent for having committed burglary. A disposition hearing was held immediately following the hearing, and the magistrate placed appellant on probation for one year and granted FCCS a temporary court commitment. Appellant filed an objection to the magistrate's decision, which the trial court overruled. Appellant appeals the trial court's judgment, asserting the following assignments of error:
 I. The juvenile court erred in finding appellant to be a delinquent minor having committed the offense of burglary, when there was legally insufficient evidence that a criminal trespass had been committed.
 II. The juvenile court's verdict was contrary to the manifest weight of the evidence.
Appellant argues in her first assignment of error that there was insufficient evidence she committed a criminal trespass, which is an element of burglary. In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id., at paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
R.C. 2911.12 provides:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
Criminal trespass is defined under R.C. 2911.21 as:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another[.]
Appellant first asserts she merely walked through an "already open door" as she accompanied Van Person into the residence, thus, implying she had privilege to enter the premises. However, Gibbs testified that after she opened her front door and screen door for Van Person, who appeared to be alone, she only allowed Van Person inside. Gibbs stated that while Van Person spoke quickly and incoherently, appellant entered the residence through the doors while her back was turned and without her knowledge. Gibbs testified that appellant did not knock on the door, she did not open the door for appellant, she did not invite appellant into her house, and at no time did she give appellant permission to enter. Gibbs was standing seven feet from her front door when she noticed appellant was in her house. Thus, construing this testimony most strongly in favor of the state, appellant did not walk through already open doors while accompanying Van Person into the house, and she was never granted permission to enter the residence.
Appellant then argues that even if she was not given permission to enter the residence initially, she was impliedly granted privilege to remain in the residence when Gibbs gave her specific permission to use the bathroom. An essential element of the offense of criminal trespass is that the offender lacked privilege to be lawfully present on the property. State v. Newell (1994), 93 Ohio App.3d 609, 611. "Privilege" is "an immunity, license, or right conferred by law, or bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). See, also, State v. Clelland (1992), 83 Ohio App.3d 474, 490. In the context of criminal trespass, "privilege" includes "permission to enter the premises given by a resident of the premises." Id.; State v. Hermann (1996), Portage App. No. 95-P-0044.
However, pursuant to R.C. 2911.21(C), "[i]t is no defense to a charge under this section that the offender was authorized to enter or remain on the land or premises involved, when such authorization was secured by deception." The definition of "deception" is set forth in R.C. 2913.01(A):
 "Deception" means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.
In order to be guilty of criminal trespass through deception, a defendant must be aware either that a false impression is created or perpetuated or, knowing that the victim holds a false impression, withholds or prevents the victim from obtaining information to the contrary. Mayfield Hts. v. Riddle (1995), 108 Ohio App.3d 337, 341-342.
In the present case, appellant participated in the deception of Gibbs in order to gain permission to enter the home and use the bathroom. Appellant was clearly aware that Gibbs had a false impression of her and Van Person's status as two girls merely lost, needing help, and trying to find a relative. Gibbs had a reasonable foundation for her false beliefs, given the misleading statements by Van Person and appellant. Van Person entered the house very agitated and incoherent, telling Gibbs "you gotta help me" and telling her that she was trying to find her aunt who lived in an apartment called something with "cod" in the name. Appellant told Gibbs, "I've gotta get home; I'm only fourteen and I live in Delaware." She then asked if she could use the bathroom. Although appellant argues these were not lies, "deception" may also be perpetrated through withholding information, omitting pertinent facts, and perpetuating a false impression. Appellant certainly withheld the important information from Gibbs that she was driving an obviously stolen vehicle, was being pursued by the police and trying to evade them, and had a warrant for her arrest. Had Gibbs been provided the truth and not been deceived by appellant and her cohort, undoubtedly Gibbs would not have granted appellant permission to use her bathroom. Appellant disingenuously argues that granting permission to someone to use the bathroom would have been a "common courtesy" that Gibbs would have extended to anybody, even if she would have known that person was running from the police. We find it inconceivable that Gibbs, a sixty-four-year-old woman, would have allowed appellant, a total stranger who entered her house without permission at 11:00 p.m., to use her bathroom if she been provided with all of the pertinent information regarding the surrounding circumstances.
Accordingly, we cannot find that Gibbs's act of giving appellant permission to use the bathroom, permission that was gained using deceptive and incomplete information, constituted proper authorization for appellant to remain on the premises. Therefore, construing the evidence in favor of the prosecution, any rational trier of fact could have found beyond a reasonable doubt that appellant trespassed upon the premises using deception, which is a necessary element of burglary. The magistrate's determination was supported by sufficient evidence, and appellant's first assignment of error is overruled.
Appellant argues in her second assignment of error the trial court's judgment was against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Gray (2000), Franklin App. No. 99AP-666. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193.
In a manifest weight of the evidence review, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra. "`The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. "The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707,716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997), 118 Ohio App.3d 371, 377.
As discussed above, Gibbs testified that she never opened the doors for appellant, did not give appellant permission to enter her home, and was not even aware that appellant had entered the house until appellant was seven feet inside. Appellant testified on her own behalf regarding the events on the night of the incident in question. Contrary to the argument set forth in appellant's brief that she entered through two "already open doors," appellant specifically testified that the doors were closed. She stated that she opened the storm door herself and knocked on the front door, which indicates it must have been closed. Although appellant claims she knocked on the front door and Gibbs opened the door and invited her into the home, the trier of fact obviously found her testimony not credible in this respect and believed Gibbs's testimony. The magistrate was in the best position to observe Gibbs's and appellant's demeanor, gestures, and voice inflections and used these observations to weigh the credibility of their testimony. See State ex rel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 45-46. Thus, we find the magistrate's determination that appellant was not initially granted permission to enter the premises was not against the manifest weight of the evidence.
We also find the magistrate's determination that appellant did not subsequently gain privilege to remain in the house after Gibbs gave her permission to use the bathroom was not against the manifest weight of the evidence. As outlined above, appellant and Van Person worked in tandem to deceive Gibbs in order to gain entry into the residence to elude the police. Appellant admitted at the hearing that she wanted to evade the police because she had an outstanding warrant and was a runaway from her placement at The Buckeye Ranch. She knowingly withheld this information from Gibbs in order to get permission to remain inside the home to avoid capture. As such, she cannot claim as a defense that she was authorized to remain in the residence because such authorization was secured by deception. We find that the magistrate did not clearly lose his way and create such a manifest miscarriage of justice that appellant's adjudication must be reversed. This is not an exceptional case in which the evidence weighs heavily against such adjudication. Thus, the determination was not against the manifest weight of the evidence, and appellant's second assignment of error is overruled.
Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.