**The STATE of Ohio, Appellee,**

**v.**

**FIELDS, Appellant.**

[Cite as *State v. Fields* (1995), 102 Ohio App.3d 284.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94-06-121.

Decided March 30, 1995.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Robert N. Piper III,* Assistant Prosecuting Attorney, for appellee.

*Al Edmunds,* for appellant.

WALSH, Presiding Judge.

Defendant-appellant, Roger E. Fields, appeals his convictions for complicity to murder with a firearm specification and complicity to commit attempted felonious assault with a firearm specification in violation of R.C. 2923.03(A)(2).

During the early morning hours of February 5, 1994, appellant and a friend, Brian McCreadie, were driving through an area in Hamilton known as the Second Ward. Appellant was driving his car and McCreadie was riding in the front seat passenger side.

While driving through the Second Ward, appellant stopped at a stop sign at the corner of South Second and Chestnut Streets. As they approached the stop sign, appellant and McCreadie noticed several people standing in front of a house situated on the corner near the stop sign. Freya Barefield and her family resided in the house where the people were congregating.

There is some evidence in the record which indicates that one member of the group may have yelled an obscene remark at appellant and McCreadie as they approached the stop sign near the Barefield home. Although appellant testified that he did not hear any member of the group yell an obscene remark, appellant stated that he decided on his own volition to drive around the block and come upon the same group of people a second time. Apparently, Freya Barefield had

just stepped out onto her porch and was in the process of asking the group of people to move away from her house when appellant and McCreadie drove by the second time.

As appellant drove his car by the group again, McCreadie began firing a nine-millimeter handgun at the crowd of people. After the shots were fired, appellant and McCreadie sped away from the scene. Freya Barefield was killed by one of the bullets fired from McCreadie's handgun.

Appellant and McCreadie were subsequently arrested and indicted in connection with the shooting. A jury found appellant guilty of complicity to murder with a firearm specification and complicity to commit attempted felonious assault with a firearm specification. Appellant was sentenced accordingly.

On appeal, appellant raises two assignments of error for review:

Assignment of Error No. 1:

"The jury's verdict of guilty to [sic] complicity was against the manifest weight of the evidence and contrary to law."

Assignment of Error No. 2:

"The defendant/appellant herein was denied the effective assistance of counsel, in that his court appointed counsel failed to renew a Rule 29 motion for acquittal at the close of the evidentiary portion of the case and before final arguments."

In his first assignment of error, appellant argues that his complicity conviction was against the manifest weight of the evidence. In applying this standard of review, an appellate court is required to view the evidence in a light most favorable to the prosecution and to decide "whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503; see, also, *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341–342, 383 N.E.2d 132, 134. Therefore, a jury verdict will not be disturbed on appeal if the reviewing court determines that reasonable minds could arrive at the conclusion reached by the jury. *Jenks, supra.*

Appellant was convicted of complicity in violation of R.C. 2923.03(A)(2), which provides in pertinent part:

"No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

" * * *

"Aid or abet another in committing the offense[.]"

The record indicates that appellant knew McCreadie regularly carried a gun and that McCreadie had the gun in his possession just prior to Freya Barefield's

murder. In fact, appellant testified that McCreadie had pulled the gun out earlier in the evening to show it to others while visiting a friend.

Appellant also testified that after he and McCreadie passed the group of people once, it was appellant's unilateral decision to drive the car back around the block. Just as they were about to reach the group of people a second time, appellant stated that he asked McCreadie twice if McCreadie was going to shoot the people. When he received no response, appellant told McCreadie "you ain't got the balls" to shoot the people. Appellant then told McCreadie to give him the gun because if McCreadie wasn't going to shoot them, appellant would. The evidence indicates that immediately after appellant made these statements to McCreadie, McCreadie began firing bullets at the crowd of people.

There is no evidence that appellant attempted to prevent McCreadie from firing his gun at the group of people. Appellant did not tell McCreadie to put the gun away, and appellant sped away from the scene only *after* shots were fired. In addition, appellant did not go to the police after the shooting, but tried to conceal the crime instead.

■ Based upon a review of the record before us, we find that the state introduced more than sufficient evidence which would allow a reasonable trier of fact to find appellant guilty of complicity beyond a reasonable doubt. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends he was denied the effective assistance of counsel because trial counsel failed to renew a Crim.R. 29 motion for acquittal at the close of all the evidence and before final arguments.

■ A defendant who claims ineffective assistance must show (1) deficient performance by counsel, and (2) resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. The performance inquiry requires the reviewing court to ask whether, under the totality of the circumstances, "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. The prejudice inquiry involves a determination whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.*

■ A motion for acquittal may be granted by the trial court only where the evidence is insufficient to sustain a conviction. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399; see, also, Crim.R. 29(A). On a motion for

judgment of acquittal, "the trial court is required to construe the evidence most strongly in favor of the state, the party against whom the motion is directed." *State v. Fyffe* (1990), 67 Ohio App.3d 608, 613, 588 N.E.2d 137, 140.

At the close of the state's case, defense counsel's motion for a Crim.R. 29 acquittal was overruled by the trial court. Thereafter, appellant's case consisted of testimony from appellant and McCreadie. Essentially, appellant presented the same evidence as did the state in its case in chief. As discussed in connection with appellant's first assignment of error, we find that the evidence presented by the state was more than sufficient to sustain appellant's conviction of complicity in this case. Thus, it is obvious that if defense counsel had renewed a Crim.R. 29 motion for acquittal after all the evidence had been presented, the trial court would have overruled such a motion.

In light of all the circumstances, we find that trial counsel's representation was neither professionally unreasonable nor prejudicial to appellant. See *Strickland, supra,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. For these reasons, appellant was not denied effective assistance of counsel and his second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.