Defendant-appellant, Michael Kistler, appeals his jury convictions in the Brown County Court of Common Pleas on two counts of gross sexual imposition in violation of R.C.2907.05(A)-(4). We affirm.
Appellant's convictions stemmed from incidents which occurred on August 18, 1997. Appellant and his girlfriend, the victim's aunt, were visiting the nine-year-old victim's residence. Appellant was a frequent visitor as he and the victim's aunt lived nearby. On the day in question, appellant, the victim, and the victim's older brother, Ryan, were swimming in a small above-ground pool and some wrestling-type horseplay occurred. The victim stated that while in the pool, appellant touched her underneath her clothing (shorts) on her "private." The victim told her brother, "Mike is sick," but did not allege more specifically that appellant had touched her improperly. Ryan told his mother that something concerning appellant and the victim had occurred, but his mother thought it might have been a misunderstanding. She did not then question the victim and left shortly thereafter with the victim's aunt and grandmother to play bingo.
The victim then went to change her clothes in her parent's bedroom. She locked the bedroom door but there was no lock on the door to an adjoining bathroom. Appellant entered the bedroom through the bathroom and again touched the victim's "private" under her clothing. Appellant asked her "do you want to see mine" and "pulled out his private." The victim then ran out of the bedroom.
The victim's mother returned home that evening at approximately 10:00 p.m. After appellant and the victim's aunt left, the victim told her mother that appellant had touched her vaginal area inside her shorts in the pool and had touched her again in the bedroom. The victim also reported that appellant had exposed himself to her.
The victim was interviewed by Barry Creighton, a criminal child abuse investigator for Brown County Human Services, on August 19, 1997. On August 27, 1997, appellant was indicted by the grand jury on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4).
At trial, the victim, the victim's mother, and Barry Creighton testified for the state. The victim's aunt testified for appellant that her sister and the victim came to her house that evening (while appellant was out) and the victim told her that appellant had touched her "down there." The victim's aunt remembered the roughhousing in the pool, so she asked the victim whether it was an accident, and the victim replied, "it could have been an accident."
Appellant testified that no improper touching occurred. He stated that he had thrown the victim in the pool but that he had picked her up by the upper torso. Appellant stated that he never entered the victim's parents' bedroom that day. He testified that he changed clothes in Ryan's bedroom while the victim was in the living room.
The jury found appellant guilty on both counts. Appellant was sentenced to two year terms of imprisonment on each count to be served concurrently.
Appellant has raised two assignments of error[1]:
Assignment of Error No. 1:
 THE TRIAL JURY LOST ITS WAY SO THAT IT CREATED A MANIFEST MISCARRIAGE OF JUSTICE IN CREDITING THE STATE'S VERSION OF THE EVENTS SURROUNDING THE HEREIN CONCERNED ALLEGATIONS OF SEXUAL CONDUCT AND FINDING DEFENDANT-APPELLANT KISTLER GUILTY OF THE CHARGED OFFENSES, GROSS SEXUAL IMPOSITION.
Assignment of Error No. 2:
 THE COURT ERRED IN DENYING DEFENDANT-APPELLANT KISTLER'S MOTION FOR A MISTRIAL.
In his first assignment of error, appellant alleges that the verdict was against the manifest weight of the evidence, as the victim's testimony was not credible, and various parties had indicated that any touching was "probably" accidental. A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied (1997), 79 Ohio St.3d 1451. When inquiring into the manifest wight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. as 387. In taking on this role, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. A jury verdict will not be disturbed on appeal if reasonable minds could arrive at the conclusion reached by the jury. Statev. Fields (1995), 102 Ohio App.3d 284, 287.
Upon review of the record, we cannot say that the jury lost its way in finding appellant guilty on both charges of gross sexual imposition. The evidence in this case does not weigh heavily against a conviction. The victim's testimony at trial established all the elements of the offenses and was completely consistent with what she had told her mother that evening. Although appellant's version of the events was different, the weight given to evidence and judgment of the credibility of witnesses are within the province of the jury. State v. Martin
(1986), 21 Ohio St.3d 91, 95. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that a mistrial should have been granted due to a surprise statement by the criminal child abuse investigator, Barry Creighton, concerning whether he had referred the victim for medical investigation or treatment following the incident. Creighton initially responded affirmatively when asked if he had directed that the victim submit to a medical examination. Creighton stated that he had directed the victim to submit to such an examination at Children's Hospital. Appellant immediately objected and an extensive colloquy and voir dire of the witness was conducted outside the jury's presence. The prosecutor noted that he had expected a negative response from the witness.
Appellant's counsel requested a mistrial, but also stated, "I just want an instruction that the jury will disregard any discussion about medical reports because its news to me." The judge noted that there were insufficient grounds for a mistrial and stated that the motion for mistrial would be overruled. Creighton testified during voir dire that it would have been standard to send the victim to Children's Hospital, and that was why he had assumed that he had directed that she go there. However, it was determined by questioning the victim's mother that she had not been instructed to take the victim to see any medical personnel of any type. Creighton also examined his file and determined that no referral had been made. Appellant's counsel again stated that he "would just like to have a limiting instruction to ignore any testimony about exams or medical records."
Creighton then testified before the jury that his files reflected that he had "never referred the [family] to have [the victim] at any hospital or doctors." The court also issued a limiting instruction to the jury, directing them "not to consider for any purpose whatsoever any questions nor any responses pertaining to referral to Children's Hospital or any other hospital nor any reference to any possible reports."
The granting or denying of a mistrial is within the sound discretion of the trial court, and will not be disturbed absent a showing that the accused has suffered material prejudice.State v. Blankenship (1995), 102 Ohio App.3d 534, 549. A mistrial should be granted only when a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118, 127. A mistrial should not be granted merely because some minor error or irregularity has arisen. Blankenship,102 Ohio App.3d at 549.
Creighton's initial misstatement caused only a minor irregularity in appellant's trial. Creighton's later clarification to the jury and the court's limiting instruction were the appropriate and adequate responses to this irregularity. A mistrial was not warranted and appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Appellant's counsel also requests in a third "assignment of error," that this court review the record for "prejudicial error that may not be apparent to his counsel." Although our review of the record has revealed no prejudicial error, we note that our duty to undertake "a full examination of proceedings to decide whether the case is wholly frivolous" only arises when appellate counsel has filed a motion to withdraw and accompanied his motion with a brief pursuant to Anders v.California (1967), 386 U.S. 738. Appellant's counsel has filed no such motion.