OPINION
Defendant-appellant, Kevin J. Casey, appeals his conviction in the Fairfield Municipal Court for street racing.
On December 24, 1998, Officers Jeff Sprague and Tom Schobe of the Fairfield Police Department ("FPD"), were parked in separate cruisers in a parking lot approximately two hundred feet from the intersection of Hicks Boulevard and Dixie Highway in Fairfield, Butler County, Ohio. The officers heard what sounded to be cars accelerating rapidly coming from the intersection. When they looked over, the officers saw a white Ford Probe, driven by appellant, and a red Ford Mustang, driven by Jorge E. Mejia, accelerating rapidly down Dixie Highway.
Officer Sprague estimated that appellant and Mejia were traveling at least forty-five m.p.h., in excess of the thirty-five m.p.h. posted speed limit. The vehicles were traveling nose to nose, often with one vehicle outdistancing the other by one or two feet before the other would then pull ahead. Both officers turned on the overhead lights on their cruisers and began pursuit.
Appellant quickly pulled over just outside of the FPD headquarters on Dixie Highway. Officer Sprague drove past appellant to pull over Mejia. Officer Schobe then pulled in behind appellant. He approached appellant's vehicle, and informed appellant that he was being pulled over for street racing. Appellant's wife and family were passengers in the vehicle. Appellant and his wife responded that appellant had not been speeding. Officer Schobe issued appellant a citation for street racing, a violation of Fairfield City Ordinance ("FCO") 333.07, a misdemeanor of the first degree.
On February 4, 1999, a bench trial was held on the citation. The city presented Officers Sprague and Schobe to testify about their observations. Mejia testified that he was not street racing with appellant, but he was on his way to an urgent care facility where his wife was being treated. Appellant testified that he was not speeding and that he was not street racing with Mejia. Appellant's wife testified that appellant was not speeding.
After closing arguments, the trial court found that appellant was guilty of street racing. Appellant was sentenced to thirty days in jail, with twenty days suspended and ten days to be served in community service. Appellant was also ordered to pay a $150 fine and his driver's license was suspended for one year, but appellant was granted occupational driving privileges. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFI-CIENT TO SUPPORT APPELLANT'S CONVICTION.
 In his first assignment of error, appellant contends that the city failed to establish that appellant was speeding or that appellant and Mejia had started racing from a common point. Appellant asserts that Office Sprague's testimony that he estimated appellant's speed to be above the posted speed limit was insufficient to prove that element of the offense.
Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. In this inquiry, the appellate court must determine whether the state has met its burden of production at trial. The court is to assess "not whether the state's evidence is to be believed, but whether, if believed, the evidence against the defendant would support a conviction." Id. at 390 (Cook, J., concurring). Thus, the court, after viewing the evidence in a light most favorable to the prosecution, must conclude whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Smith (1997), 80 Ohio St.3d 89, 113, rehearing/reconsideration denied, 80 Ohio St.3d 1471, citing Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
FCO 333.07 defines "street racing:"
 (a) As used in this section, "street racing" means the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out distance each other or the operation of one or more vehicles over a common selected course, from some point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds.
 Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as the participants. The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by Section 333.03 or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of street racing.
 (b) No person shall participate in street racing upon any public road, street, or highway in this Municipality.
 In the instant case, the city produced evidence which, when viewed in a light most favorable to the city, would tend to establish the prima facie elements of street racing. Mejia testified that he and appellant were both stopped at the stop light at the intersection of Hicks Boulevard and Dixie Highway. When the light turned green, both cars accelerated. Both officers testified that they could hear the cars accelerating from approximately two hundred feet away. The officers also observed appellant and Mejia outdistancing one another by one or two feet until the officers pulled in behind them. Officer Sprague, who had been trained in estimating speeds of vehicles, testified that he estimated that appellant and Mejia were driving at least ten miles per hour above the posted speed limit.
We find that the city presented sufficient evidence to establish the prima facie elements of street racing. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.
 In his second assignment of error, appellant contends that the weight of the evidence presented would lead to the conclusion that appellant was not street racing with Mejia. Appellant argues that his and Mejia's testimony was more credible than that of Officers Sprague and Schobe.
Unlike a challenge to the sufficiency of the evidence, which attacks the adequacy of the evidence presented, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. Thompkins, 78 Ohio St.3d at 386-87. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida
(1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Martin (1983), 20 Ohio App.3d 172, 175. A verdict will not be disturbed on appeal if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Fields (1995), 102 Ohio App.3d 284, 287.
In the instant case, we cannot say that the trial court lost its way in finding appellant guilty of street racing. Although appellant and his wife testified that he was not speeding, that he did not know Mejia, and that he was not accelerating in an attempt to speed past Mejia, the city presented evidence which would tend to establish otherwise. The trial court specifically found credible the testimony of the officers that they could hear and observe appellant's and Mejia's cars accelerating rapidly. The trial court also found that Officer Sprague's estimate of appellant's and Mejia's speeds was credible in light of his training and experience. The trial court's judgment on these credibility issues was not necessarily mistaken.
We find that appellant's conviction for street racing was not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.