OPINION
Defendant-appellant, Richard Allen Hubbard, appeals his conviction in the Hamilton Municipal Court for criminal trespass.
On January 26, 1999, Officers Wade McQueen and Thompson[1] of the city of Hamilton Police Department ("HPD") noticed appellant on the Butler County Metropolitan Housing Authority ("BCMHA") property located in the Second Ward of Hamilton, Butler County, Ohio. The officers were familiar with appellant and knew that he was not a BCMHA resident. When appellant saw the officers, he fled between BCMHA buildings.
At that time, the officers commenced pursuit. Officer McQueen chased appellant on foot, and Officer Thompson drove the police cruiser around the block to prevent appellant's escape. When appellant was caught, he stated that he fled because there were outstanding warrants for his arrest.
Appellant was charged with one count of criminal trespass in violation of Hamilton Codified Ordinances ("HCO") section 541.05, a misdemeanor of the fourth degree. On February 16, 1999, a bench trial was held at which Officer McQueen and appellant testified. Officer McQueen testified that there were twenty-six "No Trespassing" signs on the BCMHA property, although none were located in the area where appellant was apprehended. At the end of Officer McQueen's testimony, appellant made a motion for acquittal pursuant to Crim.R. 29, which was overruled. Appellant testified that he was leaving after visiting his girlfriend and a friend when he saw the officers. Appellant testified that his girlfriend and friend were BCMHA residents. In rebuttal, Officer McQueen testified that he had previously warned appellant to not be on the BCMHA property without the permission of a resident.
Appellant was found guilty. The trial court found that appellant's testimony was not credible. The trial court felt that Officer McQueen's testimony established that, even had appellant originally been on the BCMHA property for a legitimate purpose, any valid reason for his presence ended when he sought to flee the officers. The trial court ordered that appellant serve thirty days in jail, which was suspended, and pay court costs. Appellant was also placed on a two-year nonreporting probation. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS AS THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE IN ITS CASE IN CHIEF.
In his first assignment of error, appellant contends that the trial court should have granted his motion to dismiss.[2]
Appellant asserts that the city failed to present any evidence tending to show that he was on the BCMHA property without privilege.
Crim.R. 29 states, in pertinent part:
 (A) Motion for judgment of acquittal. The trial court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
A trial court will not enter a judgment of acquittal under Crim.R. 29(A) for the defendant if reasonable minds could differ as to whether the state has proven every material element of the crime. State v. Evans (1992), 63 Ohio St.3d 231,248, certiorari denied (1992), 506 U.S. 886, 113 S.Ct. 246. In ruling on a Crim.R. 29(A) motion, the trial court must view the evidence in a light most favorable to the state, the party against whom the motion is directed. State v. Fields
(1995), 102 Ohio App.3d 284, 288-89. Review of a denial of a motion for acquittal is de novo, and the trial court will not be reversed unless reasonable minds could only reach the conclusion that the evidence was insufficient to sustain a conviction. State v. Miley (1996), 114 Ohio App.3d 738, 742, leave to appeal denied (1997), 77 Ohio St.3d 1548.
An essential element of the offense of criminal trespass is that the offender lacked privilege to be lawfully present on the property. State v. Newell (1994), 93 Ohio App.3d 609, 611. "Privilege" is "an immunity, license, or right conferred by law, or bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). See, also, State v. Clelland (1992),83 Ohio App.3d 474, 490. In the context of criminal trespass, "privilege" includes "permission to enter the premises given by a resident of the premises." Id.; State v. Hermann (Mar. 8, 1996), Portage App. No. 95-P-0044, 95-P-0045, unreported. The state must prove lack of privilege beyond a reasonable doubt. Clelland,83 Ohio App.3d at 490.
Although appellant may have been invited by a resident, and thus validly on the BCMHA property for that purpose, he did not have privilege to then run throughout the BCMHA property in an attempt to flee the officers. Once appellant sought to remain on the property for an unlawful purpose, fleeing from the officers, he lost any privilege to remain on the property. Reasonable minds could therefore conclude that appellant was on the BCMHA property without privilege.
Accordingly, we find that the trial court did not err in overruling appellant's motion for acquittal. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN CONVICTING APPELLANT WHERE THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT A CONVICTION OF CRIMINAL TRESPASS.
In his second assignment of error, appellant contends that the weight of the evidence favored a finding that he was not guilty of criminal trespass. Appellant asserts that his testimony that he was invited onto the BCMHA property was more credible than the city's evidence that appellant lacked privilege.
Unlike a challenge to the sufficiency of the evidence, which attacks the adequacy of the evidence presented, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997), 78 Ohio St.3d 380,386-87, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida
(1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Martin (1983), 20 Ohio App.3d 172, 175. A decision will not be disturbed on appeal if reasonable minds could arrive at the conclusion reached by the trier of fact. Fields,102 Ohio App.3d at 287.
In the instant case, the trial court did not lose its way in convicting appellant. Appellant presented testimony that he had been invited onto the BCMHA property, and that he was visiting a friend, but the state presented evidence tending to show that appellant's flight from the officers exceeded the scope of any prior invitation. As noted above, once appellant sought to run throughout the BCMHA property, he was no longer a guest of a resident. Furthermore, Officer McQueen testified that there were twenty-six "No Trespassing" signs on the property, and that he had personally warned appellant about being on the property without permission or for unlawful purposes.
We find that appellant's conviction was supported by the manifest weight of the evidence. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] The record below fails to provide the first name of Officer Thompson.
[2] Because this is a criminal case, the motion that the trial court overruled was technically a motion for acquittal.