OPINION
Defendant-appellant, Ignacio Guerra, appeals his conviction in the Clermont County Court of Common Pleas for attempted trafficking in marijuana.
In November 1997, officers of the Clermont County Sheriff's Office narcotics unit searched Steven Freiberg's home and found seven pounds of marijuana. In return for a misdemeanor conviction, instead of a felony conviction, Freiberg agreed to become a confidential informant against his supplier, Gabrielle Murillo, who resided in Lakeside, Florida. The Clermont County Sheriff's Office tapped Freiberg's telephone conversations with Murillo. The two spoke in code, using "tomatoes" for marijuana and "workers" to refer to the number of pounds to be shipped. Quantity and price were never discussed, as these were the same as with past shipments, forty pounds at $950 per pound. The first recorded conversation was on November 23, 1997. Numerous conversations took place before the marijuana discussed was shipped in mid-December 1997.
The shipment never made it to Ohio. Appellant and Frank Peterson were to deliver the marijuana to Freiberg in Clermont County. Appellant had been delivering marijuana to Freiberg on behalf of Murillo for approximately four years. Appellant drove a truck as a lookout for Peterson, who was driving a conversion van with a concealed compartment for the marijuana. Peterson was pulled over in Williamsburg, Kentucky for speeding, and a drug dog alerted the officers to the presence of marijuana. Appellant continued to Clermont County, where he got a room at a local Motel 6.
Murillo called Freiberg to tell him about Peterson's apprehension. Murillo indicated that appellant would call Freiberg the following morning. When appellant called, he informed Freiberg that the Kentucky police had intercepted all of the marijuana. Appellant was to still receive from Freiberg money for a previous shipment. The police arrested appellant. Freiberg identified appellant from a photograph taken at the Motel 6. Appellant's truck was impounded and towed to the Union Township Police Department.
On December 23, 1997, the Clermont County grand jury indicted appellant on one count of aggravated trafficking in marijuana in violation of R.C. 2925.03(A), a third degree felony. The indictment alleged that appellant had "knowingly sold or offered to sell marijuana" in an amount exceeding twenty thousand grams. Appellant requested a bill of particulars, and on February 25, 1998, the state filed a bill of particulars alleging that appellant did "aide [sic] and abet * * * in selling approximately 50 pounds of marijuana." It was also alleged that "[a]lthough the * * * shipment of marijuana was interdicted in Kentucky [appellant] continued to Clermont County Ohio to receive payment for the prior shipment."
On September 29, 1998, the Clermont County Sheriff's Office took possession of the seized marijuana to perform chemical analysis and weigh the marijuana. The amount given to the Sheriff's Office was less than that seized, because some of the marijuana had been discarded when it became moldy. The total gross weight of the delivered marijuana was 17,225 grams.
On October 15, 1998, the state filed an amended bill of particulars changing the amount of marijuana from fifty to forty pounds. The amended bill of particulars also changed the allegation of appellant's conduct to read "aid and abet * * * inoffering to sell" the marijuana. (Emphasis added.) On October 19, 1998, the trial court filed an entry amending the indictment to allege that the amount of marijuana involved was between five thousand and twenty thousand grams.
On October 2 and 7, 1998, a bench trial was held, appellant having waived his right to a jury trial. The state presented Freiberg and the investigating officers as witnesses. Appellant presented no witnesses or evidence. At the conclusion of trial, the trial court took the matter under consideration. On February 26, 1999, the trial court filed a decision and entry finding appellant guilty of the lesser included offense of attempted trafficking in marijuana. Specifically, the trial court found that appellant had attempted to offer to sell marijuana in an amount greater than five thousand grams but less than twenty thousand grams, in violation of R.C. 2925.03(A) and 2923.02. A sentencing hearing was held, and on March 29, 1999, the trial court's judgment entry of sentence was filed. Appellant was ordered to serve a stated prison term of twelve months and pay a $1,000 fine. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR. [SIC] AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHEN HE FOUND THAT THE DEFENDANT ATTEMPTED AGGRAVATED TRAFFICKING IS A LESSER INCLUDED OFFENSE OF AIDING AND ABETTING AN OFFER TO SELL BASED ON [SIC]
As appellant's stated assignment of error makes no sense, we construe it to contend that the trial court erred in convicting him of attempted trafficking in marijuana. Although appellant's arguments are neither clear nor more than cursory, we assume that appellant is arguing that, based upon the manifest weight of the evidence, the trial court could have convicted him only of attempting to aid and abet in the "sale" of marijuana, rather than an "offer to sell" marijuana.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v.Thompkins (1997), 78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. A decision will not be disturbed on appeal as being against the weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v.Fields (1995), 102 Ohio App.3d 284, 287.
The trial court filed a sixty-one page decision in this case. In its decision, the trial court, relying upon numerous cases, distinguished between attempting to "sell" marijuana and attempting to "offer to sell" marijuana. The trial court noted that to be convicted of attempting to "offer to sell" narcotics, the state must only prove that the defendant declared his readiness or willingness to sell the controlled substance. SeeState v. Scott (1982), 69 Ohio St.2d 439, 440;State v. Burton (Mar. 31, 1995), Greene App. No. 94-CA-13, unreported. See, also, State v. Rivera
(Nov. 9, 1989), Cuyahoga App. No. 56158, unreported.
The trial court also discussed "attempt" as a lesser included offense of the charged crime. The trial court noted that "attempt" under R.C. 2923.02 does not require actual delivery of the controlled substance, but only a course of conduct by the defendant in furtherance of the effort to offer the substance for sale. See State v. Patterson (1982), 69 Ohio St.2d 445,447; State v. Wallace (Nov. 23, 1988), Summit App. No. 13572, unreported. The trial court found that under the test set forth in State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, attempted trafficking in marijuana, i.e., attempting to offer to sell marijuana, is a lesser included offense of the charge of trafficking in marijuana, i.e., selling or offering to sell marijuana:
 Attempting trafficking in marijuana carries a lesser penalty than trafficking in marijuana; trafficking in marijuana cannot, as statutorily defined, ever be committed without the lesser offense of attempted trafficking in marijuana, as statutorily defined, also being committed; and some element of trafficking in marijuana [actual "sale" or "offer to sell"] is not required to prove the commission of the lesser offense of attempted trafficking in marijuana.
The indictment clearly charged appellant with aggravated trafficking in marijuana by selling or offering to sell marijuana. The amended bill of particulars explicitly stated that the state was proceeding on the theory that appellant had sought to "offer for sale" the subject marijuana. As noted by the trial court, the evidence presented at trial demonstrated that appellant sought to offer the marijuana on behalf of Murillo. The only reason that appellant was unable to do so was that Peterson was stopped in Kentucky and the marijuana was seized. Even so, appellant still proceeded to Clermont County to inform Freiberg of what had happened in Kentucky and to collect money from Freiberg for the prior shipment. The evidence established appellant's attempt to commit the charged offense.
The manifest weight of the evidence supports appellant's conviction for attempted trafficking in marijuana. Appellant clearly attempted to offer to sell marijuana to Freiberg on behalf of Murillo. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.