OPINION
Appellant, Andrew J. Pugh, appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, adjudicating him delinquent.
Andrew is the thirteen-year-old nephew of Karen W. Smith. In March 1999, he was staying with Karen and her family in Union Township, Clermont County, Ohio. Karen was helping Andrew's parents watch him while other on-going juvenile court proceedings were pending.
On March 15, 1999, Casey, Karen's five-year-old daughter, came up into the kitchen from the basement while Karen was on the phone with Andrew's father. Because Casey looked "anxious," Karen hung up the phone. Casey was stuttering and standing with her hands between her legs. Andrew was standing behind Casey. Casey told Karen that Andrew had pulled down her pants and touched her in her vaginal area, such that "it made me feel like I had to go to the bathroom and it hurt." Andrew maintained that Casey was lying.
Karen told the children to sit at the dinner table and while eating they would talk to find out what happened. Andrew told Karen that Casey was standing naked by the dresser as he walked by Casey's room. Andrew stated that he went downstairs to do the laundry, and Casey followed him, saying not to tell her mom about her standing naked when Andrew walked by. Andrew then said he was not hungry and went to bed.
The next day, Karen notified authorities of what had occurred. On Wednesday, March 17, 1999, Children's Services contacted Karen. Page Chandler, an intake investigator came out and interviewed the children and their parents. Chandler also spoke with Detective Hugh Bomske of the Union Township Police Department who looked into Karen's complaint. On April 21, 1999, Det. Bomske filed a complaint charging Andrew with rape of a person under thirteen years of age, in violation of R.C.2907.02(A)(1)(b). Adjudicatory and disposition hearings were held on May 19, 1999, at which Casey, Karen, and Chandler testified.
The testimony regarding what happened was conflicting in some respects. Casey first testified that as Andrew walked by she was changing out of a bodysuit into jeans and a shirt. She asked him to look at her naked, and he did. Andrew then kissed her on her cheek. He also touched her vaginal area, such that it hurt and made her have to go to the bathroom. He took Casey to her sister's room where Andrew was temporarily staying. Andrew pulled down his pants and showed Casey his penis. He asked her to touch it, which she did. He then asked her to lick it, but she refused. She then went to the kitchen to tell Karen what happened. On cross-examination, Casey stated that Andrew did not penetrate her vagina with his finger. She further stated that Andrew had rubbed her vaginal area over her bodysuit.
Karen testified that she was on the phone with Andrew's father when Andrew went downstairs to do laundry. Casey then came through the kitchen in jeans and a shirt carrying her Barbie dolls. Casey went downstairs and then came back upstairs only a few minutes later with Andrew behind her. She then testified about the conversations related above.
Chandler testified that Casey told her of three incidents. The first was where Andrew asked her to touch and lick his penis. The second was in Casey's room, where she asked Andrew to look at her naked. The third was when Andrew took her into her sister's room. Andrew asked her to lie on the bottom bunk of the bed. He unbuttoned and unzipped her pants, and put his hand between her underwear and body. He then put his finger in her vagina.
The trial court adjudicated Andrew to be delinquent. A short disposition hearing was held at which the state described Andrew's history, including an allegation of sexual conduct with his three-year-old sibling and his present stay at Buckeye Boys Ranch for sex offender treatment. The trial court followed the state's recommendation ordering suspended commitment with the Department of Youth Services for a minimum of one year. Andrew was ordered to have no unsupervised contact with Casey or any other person under thirteen years of age. His participation in the Buckeye Boys Ranch treatment program was continued, as he was showing progress at the facility. Andrew appeals.
Assignment of Error No. 1:
 THE COURT ERRED IN MAKING AN ADJUDICATION OF DELINQUENCY ON THE COMPLAINT OF RAPE AS THERE WAS NO PROOF OF SEXUAL CONDUCT.
Andrew contends that the state failed to present sufficient evidence of sexual conduct. He argues that there was no credible evidence of vaginal penetration in support of the complaint.
Whether the evidence is legally sufficient to sustain a conviction is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When making this inquiry, an appellate court must determine whether the state has met its burden of production at trial. The court is to assess "not whether the state's evidence is to be believed, but whether, if believed, the evidence against the defendant would support a conviction." Id. at 390 (Cook, J., concurring). Thus, the court, after viewing the evidence in a light most favorable to the prosecution, must conclude whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Smith (1997),80 Ohio St.3d 89, 113, rehearing/reconsideration denied,80 Ohio St.3d 1471, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2907.02(A), Ohio's rape statute, provides:
 (1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other is less than thirteen years of age, whether or not the offender knows the age of the other person.
"Sexual conduct" includes "without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
Viewing the evidence in a light most favorable to the state, it is clear that the state presented sufficient evidence that Andrew digitally penetrated Casey's vagina. Casey testified that Andrew did such. She relayed this to both her mother and to Chandler. Although Casey may have confused or been unclear as to some of the details of what transpired, the testimony was sufficient to support a finding that Andrew engaged in sexual conduct with Casey. Any inconsistencies in Casey's statements and testimony were matters of credibility not relevant to a sufficiency of the evidence review.
The state presented sufficient evidence to find that Andrew engaged in sexual conduct with Casey. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE ADJUDICATION OF THE APPELLANT ON A COMPLAINT OF RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Andrew contends that his adjudication as delinquent was against the manifest weight of the evidence. He asserts that the state presented no credible evidence that he digitally penetrated Casey's vagina.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. Thompkins,78 Ohio St.3d at 386-87. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31,42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175. A decision will not be disturbed on appeal as being against the weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Fields (1995), 102 Ohio App.3d 284, 287.
Andrew contends that Casey's statements concerning what occurred where so inconsistent that they cannot be believed. He points out that at one point, she states that Andrew did not digitally penetrate her vagina, but only rubbed her vaginal area over her bodysuit.
Throughout her testimony, Casey was clear as to numerous points including that she asked Andrew to look at her naked and that Andrew asked her to touch and lick his penis. Other than one statement on cross-examination, she repeatedly stated that Andrew put his finger into her vagina. Although she may have been unclear or confused as to the exact sequence of events, she was very consistent on this central point. She repeatedly stated that Andrew's conduct had hurt and made her want to go to the bathroom. The minor inconsistencies in Casey's statements only raised issues of fact. We cannot say that the trial court clearly lost its way in its resolution of these issues of fact and credibility and in finding that Andrew had digitally penetrated Casey's vagina.
Andrew's adjudication as delinquent was not against the weight of the evidence. The second assignment of error is overruled.
 __________________________ YOUNG, P.J.
WALSH and VALEN, JJ., concur.