DECISION AND JUDGMENT ENTRY
{¶ 1} Tina Scott appeals her conviction for trafficking in drugs from the Sandusky County Court of Common Pleas. Because the trial court properly allowed for joinder in this case and Scott's trial counsel was not constitutionally ineffective, we affirm.
 {¶ 2} This case arises out of the Fremont Police Department's investigation of drug activity at two separate residences, 415 and 414 Howland. Tina Scott was charged with two counts of trafficking in crack cocaine on May 16 and June 5, 2001. She admitted being at both locations but denied that she sold drugs. She appeals her conviction on two grounds, joinder and ineffective assistance of counsel.
 Appellant's Assignments of Error {¶ 3} "1. "The failure of the trial court to sever the two counts of the indictment unduly prejudiced the appellant and deprived the appellant of a fair trial as guaranteed by the due process clause of theFourteenth Amendment of the United States Constitution."
 {¶ 4} "2. Defense counsel's actions and omissions during appellant's trial denied her the right of effective assistance of counsel as guaranteed her by the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Specifically defense counsel:"
 {¶ 5} "A. Failed to adequately state the prejudicial effects of not severing the counts of the indictment."
 {¶ 6} "B. Failed to move for an acquittal under Rule 29 as to each count at the close of the State's case and at the close of the trial."
 {¶ 7} "C. Failed to maintain a complete record at trial."
 {¶ 8} "D. Failed to object to newly discovered evidence at trial."
 {¶ 9} "E. Failed to subpoena an exculpatory witness on her behalf, prior to trial."
 {¶ 10} "F. Failed to request jury instructions as to the issue of chain of custody of the evidence."
 Appellant's First Assignment of Error — Joinder {¶ 11} Scott's first assignment of error concerns joinder. The first $50 drug deal occurred on May 16, 2001, at 415 Howland, and the second occurred on June 5, 2001, at 414 Howland. Both times the crack cocaine was sold to a confidential informant ("CI") who worked for the Fremont Police Department. Although Scott denied the sales, the CI's testimony was corroborated. A number of officers and detectives testified that the CI was thoroughly searched both before and after the drug deals. He was given $50 for $50 worth of crack cocaine. With the exception of the two to five minutes he was in the two houses, he was always under surveillance.
 {¶ 12} Crim.R. 8(A), which governs joinder offenses, provides: "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Likewise, Crim.R. 14 governs relief from prejudicial joinder and provides: "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. * * *"
 {¶ 13} As the Ohio Supreme Court has indicated, joinder is to be "liberally permitted." State v. Schaim (1992), 65 Ohio St.3d 51, 58. "The law favors joinder for public policy reasons, such as: to conserve judicial economy and prosecutorial time; to conserve public funds by avoiding duplication inherent in multiple trials; to diminish the inconvenience to public authorities and witnesses; to promptly bring to trial those accused of a crime; and to minimize the possibility of incongruous results that can occur in successive trials before different juries." State v. Dunkins (1983), 10 Ohio App.3d 72, at paragraph one of syllabus.
 {¶ 14} This case involved two transactions on different dates and locations; however, the same parties were involved and the sales were nearly two weeks apart in houses across the street from each other. Scott did not make an affirmative showing that prejudice occurred because of the joinder of offenses in this case. She was required to do this as part of her challenge to joinder. State v. Owens (1975), 51 Ohio App.2d 132,145. The court, therefore, can not be said to have abused its discretion in this case, especially in light of the fact that these two crimes involved very "simple and distinct" evidence. Schaim, supra. at 59.
 {¶ 15} Scott failed to renew her motion at the close of the state's case or at the conclusion of all evidence. Any alleged error is thus waived. State v. Walker (1990), 66 Ohio App.3d 518, 522; State v.Strobel (1988), 51 Ohio App.3d 31, 33; Owens, supra. at 146. Scott's first assignment of error, therefore, is found not well-taken.
 Appellant's Second Assignment of Error — Ineffective Assistance ofCounsel {¶ 16} The United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668, 687, set forth the standard for reversing a defendant's conviction based on ineffective assistance of counsel. The two-prong test requires a showing that (1) counsel's performance was so deficient as to not function as the counsel guaranteed by the Sixth Amendment, and (2) counsel's errors were prejudicial and deprived the defendant of a trial whose result was reliable. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 17} In discussing the issue of attorney competence, the Ohio Supreme Court observed: "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [citation omitted]" State v.Frazier (1991), 61 Ohio St.3d 247, 253.
 {¶ 18} This presumption means that a great amount of deference must be given to counsel's trial strategy. State v. Carter (1995),72 Ohio St.3d 545, 558. We are not to second-guess. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith (2000), 89 Ohio St.3d 323, 328; State v. Clayton
(1980), 62 Ohio St.2d 45, 49.
 {¶ 19} Scott attacks her attorney's representation in six areas. Part (A) contends counsel did not "adequately state the prejudicial effects of not severing the counts of the indictment." Scott filed a motion to sever more than five months before her trial. Her attorney cited cases and argued why she should have relief from joinder under Crim.R. 14. That the trial court found the arguments unconvincing does not mean that Scott's counsel was constitutionally ineffective especially when joinder of the offenses was proper.
 {¶ 20} Part (B) states counsel "failed to move for an acquittal under Rule 29 as to each count at the close of the State's case and at the close of the trial." Even if true, "counsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been fruitless. See Defiance v. Cannon
(1990), 70 Ohio App.3d 821, 826-27, 592 N.E.2d 884; Thomas v.United States (C.A.8, 1991), 951 F.2d 902, 905 (holding that a failure of defense counsel to raise a meritless claim does not constitute ineffective assistance). See, also, State v. Fields (1995),102 Ohio App.3d 284, 288-89, 656 N.E.2d 1383; State v. Turner (Feb. 27, 1997), Allen App. No. 1-96-27. A motion for acquittal may be granted by the trial court only where, construing the evidence most strongly in favor of the State, the evidence is insufficient to sustain a conviction. See Crim.R. 29; Id." State v. McCroskey (Apr. 2, 1997), Wayne App. No. 96CA0026.
 {¶ 21} We have ruled that "[w]hile it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action did not mean the performance of appellant's trial counsel fell below a reasonable standard of representation. State v. Reed (Feb. 27, 1998), Wood App. No. WD-97-031." State v. Jenkins (Mar. 31, 1998), Lucas App. No. L-97-1303.
 {¶ 22} When, as here, the state's case-in-chief links the defendant to the charged crimes, failure to move for a judgment of acquittal under Crim.R. 29 does not constitute ineffective assistance of counsel. State v. Vaughn (Mar. 28, 2002), Cuyahoga App. No. 79948; Statev. Small (May 1, 2001), Franklin App. No. 00AP-1149; State v. Douglas
(Mar. 16, 1999), Mahoning App. No. 94 CA 214.
 {¶ 23} Part (C) contends counsel "failed to maintain a complete record of the trial proceedings." Specifically, she notes the absence of the court's decision regarding severance, counsel's objection to the search warrant's introduction, a motion for a continuance to locate a possible exculpatory witness, and counsel's explanation to her regarding the consequence of testifying on her own behalf. There is no requirement for these matters to be put on the record. Without knowing what happened during those portions of the trial, we are in no position to find it was prejudicial error not to record them. State v. Hartman (2001),93 Ohio St.3d 274, 301. Also, since Scott does not show prejudice, her attorney's performance cannot be characterized as ineffective. Id. at 302. Furthermore, postconviction relief is the appropriate method of review when an appellant seeks to introduce evidence outside the record.State v. Nichols (1984), 11 Ohio St.3d 40, 42.
 {¶ 24} Part (D) contends counsel "failed to object to newly discovered evidence." She argues her attorney did not object on grounds that she did not obtain the return from the search warrant before trial began. Although she argues that her attorney could have filed a motion to suppress, she would have had no standing to file such a motion for the house searched or the evidence seized. See Rakas v. Illinois (1978),439 U.S. 128; Rawlings v. Kentucky (1980), 448 U.S. 98. Also, the items seized from the search warrant at 414 Howland were not entered into evidence at Scott's trial. Therefore, no prejudice was suffered by Scott because her attorney failed to file a motion to suppress
 {¶ 25} Part (E) contends counsel "failed to subpoena an exculpatory witness on behalf of the appellant." Notwithstanding the view that Scott's trial counsel was taking actions in line with trial strategy, her claim once again concerns information outside the record; therefore, we have no way of knowing the substance of the witness's testimony. This issue, if germane at all, would be a matter for postconviction rather than direct appeal. State v. Nichols (1984),11 Ohio St.3d 40, 42.
 {¶ 26} Part (F) contends counsel "failed to request jury instructions as to the issue of chain of custody of evidence." A chain of custody may be established by direct testimony or by inference. State v.Conley (1971), 32 Ohio App.2d 54, 62. Any break in the chain relates to the credibility or weight of the evidence and not to its admissibility.State v. Bazacchini (1994), 96 Ohio App.3d 440, 458. Here, the evidence introduced at trial established chain of custody. The detective identified two brown envelopes he had marked and given to the officer in charge of the property room. The Bureau of Criminal Investigation ("BCI") lab technician received them from the property officer, tested the contents, and found each to contain crack cocaine. He resealed the envelopes, and the property officer retrieved the envelopes. During the trial, the detective opened the sealed envelopes marked by the BCI lab technician.
 {¶ 27} Discussions concerning jury instructions were not included in the transcript. We, therefore, presume the regularity of the trial court's actions in this regard. Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 28} After thorough review, we find no ineffective assistance of counsel in this case. Appellant's second assignment of error is found not well-taken.
 {¶ 29} Substantial justice was done to appellant, Tina Scott. The entry of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer, J. CONCUR.