DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant David J. Hardges has appealed his conviction of burglary from the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On November 25, 2003, Defendant-Appellant David J. Hardges was indicted on one count of burglary, in violation of R.C. 2911.12(A)(4); one count of vandalism, in violation of R.C.2909.05(A); and one count of endangering children, in violation of R.C. 2919.22(A). Appellant pleaded not guilty to all charges. By amended indictment dated January 20, 2004, Appellant was indicted on one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1); and one count of violating a protection order, in violation of R.C. 2919.27. On February 3, 2004, the charge of vandalism was amended to the lesser and included offense of criminal damaging. At the beginning of trial, the charges of endangering children, criminal damaging or endangering, and violating a protection order were dismissed upon motion of the State.
 {¶ 3} On January 29, 2004, a one day jury trial was held on the remaining charges of burglary and criminal damaging; the jury returned a verdict of guilty on both counts. Appellant was sentenced to a term of six months imprisonment on the burglary conviction, and ninety days imprisonment on the criminal damaging conviction. Both sentences were to be served concurrently.
 {¶ 4} Appellant has timely appealed his burglary conviction, asserting one assignment of error.[1]
 II Assignment of Error Number One
"There was insufficient evidence to support appellant's conviction of burglary and the trial court erred in failing to grant appellant's [Crim.R. 29] motion for dismissal."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred when it denied his Crim.R. 29 motion for acquittal. Specifically, Appellant has argued that the State presented insufficient evidence to the jury to support his burglary conviction, thus his case should never have been sent to the jury. We disagree.
 {¶ 6} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. State v. Thompkins (1997),78 Ohio St.3d 380,390
(Cook, J., concurring). As to Appellant's claim that his conviction was based upon insufficient evidence, we note that Appellant brought a Crim.R. 29(A) motion for acquittal at the close of the State's case, then renewed his motion at the close of all the evidence. Therefore, Appellant has preserved this issue for appeal. See, State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting State v. Miley (1996),114 Ohio App.3d 738, 742.
 {¶ 7} On review of the sufficiency of the evidence, "`the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Williams, 99 Ohio St.3d 493,2003-Ohio-4396, at ¶ 50, quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. (Emphasis sic.)
 {¶ 8} Appellant was convicted of burglary pursuant to R.C.2911.12(A)(4), which states that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in a permanent * * * habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 9} Appellant has argued that the State failed to prove the element of trespass in support of his conviction and, therefore, his conviction for burglary was based on insufficient evidence. The State has argued that it did prove the element of trespass, and Appellant's conviction is based upon sufficient evidence.
 {¶ 10} Trespass was defined to the jury as any entrance knowingly made in a structure or residence of another done without authority, consent, or privilege to do so. Appellant has raised privilege as his defense to the element of trespass. Pursuant to R.C. 2901.01(A)(12), privilege is defined as "an immunity * * * bestowed by express or implied grant, arising out of * * * [a] relationship."
 {¶ 11} The State called six witnesses for its case in chief; Appellant did not put on a defense. Shayna Glass ("Glass") testified to the following. Glass, her sister Raneisha Brown ("Brown"), their mother Lanitia Brown ("Lanitia"), her mother's boyfriend Kevin Martin ("Martin") and Brown's two infant children all resided at a home on Medina Road in Akron, Ohio ("the home"). Appellant is the father of S.H., one of Brown's infant children. Glass, Brown and the two infant children were the only people at the home on October 12, 2003, when Appellant and another man appeared on the front porch of the home. Knowing that Lanitia had repeatedly told Appellant that he could not enter the home, Glass refused to let Appellant in the home when he knocked on the front door. She then heard Appellant break down the side door. Glass was holding S.H., who was two months old as of October 12, 2003. While Glass was holding S.H., Appellant grabbed the infant's face and shook the infant.
 {¶ 12} Brown testified to the following. She had told Appellant to come to the home and visit S.H. Once Appellant arrived at the home, Brown told him to "find a way in[to] the house" even though Brown knew of Lanitia's rule that Appellant was not permitted in the home unless Lanitia or Martin were present. Once Appellant entered the home, Appellant told her that the side door to the home was broken. Brown then saw Appellant grab S.H.'s face and shake the infant child. Soon thereafter, Brown, Appellant, and S.H. left the home together.
 {¶ 13} Martin testified to the following. On more than twelve occasions prior to October 12, 2003, Martin had told Appellant that Appellant was not permitted at the home. Glass called him at work and told him that something had happened to the side door. Martin inspected the door and found that the panels surrounding the door as well as the door had been kicked and damaged. Martin purchased wood and boarded up the door because it was no longer usable. Within one week of the door being kicked and damaged, Martin spoke with Appellant about the damage done to the door. Appellant refused to repair the door because Martin had notified the police about the incident of October 12, 2003.
 {¶ 14} Lanitia testified to the following. She was the sole lessee of the home and she had repeatedly told Appellant that he was not permitted to come to the home unless she or Martin was present. She had not given Appellant permission to be at the home on October 12, 2003, and neither Brown nor Glass could give Appellant permission to enter the home. When Brown called Lanitia to tell her that the side door had been damaged, Lanitia heard Appellant's voice in the background telling Brown that Appellant was not going to pay for the damage to the door.
 {¶ 15} William Price ("Price"), an officer for the Akron Police Department testified that he responded to an emergency call to the home on October 12, 2003. He testified that he inspected the side door and found that the outer paneling of the door had been kicked off, and several shoe prints were present on and around the door.
 {¶ 16} Detective Robert Hamas ("Hamas") of the Akron Police Department testified that on October 12, 2003, he investigated the damage done to the home, interviewed Lanitia, Martin, Glass, neighbors of the family residing in the home, and Children Services Board ("CSB") workers. He testified that, based upon his investigation, he became concerned about the welfare of S.H.
 {¶ 17} This Court has previously held that the sole lessee of a home has the exclusive possessory interest in the home. Statev. Thomas (July 13, 1983), 9th Dist. No. 1222, at 4-5. In most circumstances, a person's right to enter the home is contingent upon the sole lessee's consent. Id. However, this Court has held that "[a]n invitation may constitute a privilege to enter the premises, even if issued by one who is not the owner or lessee of the premises." State v. Bilder (April 8, 1992), 9th Dist. No. 15139, at 3, citing Mariemont v. Wells (1986),33 Ohio Misc.2d 9. Thus it is clear that the right of a non-owner or non-lessee to extend an invitation to enter a premises is not absolute.
 {¶ 18} In the instant matter, the unrefuted testimony presented at trial established that Lanitia was the sole lessee of the home. It is clear from the testimony presented by Lanitia, Glass, Martin and Brown that Lanitia had repeatedly denied Appellant permission to enter the home and expressly told Appellant on numerous occasions that he was barred from entering the home unless Lanitia or Martin was present. Even though Brown, a non-lessee of the home, can extend a valid invitation to enter the home, we adopt the sound reasoning of the Second Appellate District and hold that "if the owner of the property, * * * has directly told [Appellant] that he is prohibited from entering the property, any permission granted by * * * a mere licensee, would be invalid." State v. Boude, 2nd Dist. No. 19945, 2004-Ohio-1176, at ¶ 34. It follows that because Lanitia had expressly denied Appellant permission to enter the home, Brown was without authority to grant Appellant permission to enter the home and Appellant's defense of privilege must fail.
 {¶ 19} Having determined that Appellant was not privileged to enter home, we next turn to the question of whether or not there was sufficient evidence to send the charge of burglary to the jury. In addition to the testimony presented at trial, the State admitted six photographs into evidence. One photograph was of S.H., and the other five photographs were of that portion of the home that was damaged when Appellant kicked in the side door.
 {¶ 20} Our review of the testimony and evidence presented at trial, viewed in the light most favorable to the State, convinces us that the State presented sufficient evidence on each element of the charge of burglary. As a result, the trial court did not err when it denied Appellant's Crim.R. 29 motion for dismissal. Appellant's sole assignment of error is without merit.
 III {¶ 21} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Batchelder, J., Concur.
[1] Appellant has not appealed his conviction of criminal damaging.