{¶ 64} I must respectfully dissent. I agree with the majority's determination that Murray's first assignment of error is without merit and his felonious assault conviction should be affirmed. However, I believe Murray's second assignment of error has merit and the aggravated burglary conviction should be reversed.
 {¶ 65} I acknowledge that the Supreme Court of Ohio has held that once a defendant puts on a defense and then fails to renew the motion for acquittal, he has waived any error the court may have made in denying the motion.[3] However, for the following reasons, I do not believe Murray has waived this argument.
 {¶ 66} A motion for acquittal was discussed at the close of the state's case-inchief. However, at the trial court's suggestion, the attorneys and the trial court agreed to conduct the Crim.R. 29 exercise after the first defense witness testified. Despite this agreement, the trial court was prohibited from delaying ruling on the motion for acquittal. Crim.R. 29(A) expressly provides "[t]he court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." (Emphasis added.) Essentially, a motion for acquittal made after the state's case-in-chief is a constitutional stop sign. A defendant is entitled to have the motion ruled upon prior to going forward and potentially contaminating the ruling with evidence from his own defense.
 {¶ 67} As such, I cannot say Murray waived the argument by failing to renew the motion after the subsequent defense witness testified. To the contrary, the trial court erred by reserving its ruling on the motion. At that point, the Crim.R. 29 proceedings were flawed and Murray cannot be punished for his subsequent failure to renew his motion.
 {¶ 68} In addition, I cannot say Murray has waived a sufficiency argument on appeal when he objected to the sufficiency of the evidence at the trial court level. The Fourth Appellate District has held that the failure to renew a motion for acquittal at the close of all the evidencedoes not waive the argument for appellate purposes.[4] The court noted that the Supreme Court of Ohio has held that a not guilty plea preserves an argument relating to the sufficiency of the evidence for appeal.[5]
Thereafter, the Fourth District held that a conviction based upon legally insufficient evidence violates a defendant's due process rights, thus, such a conviction would rise to the level of plain error.[6] I agree.
 {¶ 69} Since Murray has not waived his sufficiency argument, I will now address the merits of his assigned error. A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[7] When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[8]
 {¶ 70} Murray was convicted of aggravated burglary, in violation of R.C. 2911.11(A)(1), which states:
 {¶ 71} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 72} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 73} Criminal trespass is codified in R.C. 2911.21, which provides, in part:
 {¶ 74} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 75} "(1) Knowingly enter or remain on the premises of another[.]"
 {¶ 76} "`Privilege' means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."[9]
 {¶ 77} A complicity instruction was given to the jury. I do not know if the jury ultimately found Murray guilty of this offense because (1) he was the principal offender or (2) based on a theory of accomplice liability. First, I will address whether the state presented sufficient evidence to sustain the aggravated burglary conviction regarding Murray acting as the principal offender.
 {¶ 78} Murray asserts that he had permission, via Karen, to enter the trailer. James testified for the state that Karen used her key to open the trailer door and allowed Murray and himself to enter. The state presented evidence that Brian told the group to leave the trailer. In response, Karen stated she did not have to leave.
 {¶ 79} In the case sub judice, there was no evidence of whose name, either through full ownership or a lease, the trailer was in. However, for the purpose of this analysis, since Brian and Karen lived in the trailer together after they were married, a joint-ownership interest will be assumed.
 {¶ 80} The issue in this matter is whether an individual is trespassing when he has the permission of one spouse, but not the other, to be on the premises. I believe the answer to this question is no. In a criminal trespass case, the state is required to prove beyond a reasonable doubt that the defendant did not have a privilege to enter the land of another.[10] The law requires no privilege. Thus, if an individual has permission of one spouse, as a matter of law, that individual has permission to be on the land.
 {¶ 81} In Mariemont v. Wells, the mother of a sixteen-year-old girl told her she was not to have anyone at the residence during the mother's one-night business trip.[11] However, the girl invited her adult boyfriend to spend the night. The boyfriend was charged with trespass in violation of R.C. 2911.21. The court held that even though the mother had a superior property interest in the residence, the girl could still grant permission to the boyfriend to enter the premises.[12] The court reasoned that the boyfriend did not know the mother's wishes, and had permission, i.e. privilege, to be on the premises.[13] While Mariemontv. Wells is a municipal court case, it has been cited by this court and other Ohio appellate districts for guidance in this area of law.[14]
 {¶ 82} In State v. Hermann, this court reversed two convictions for trespass in violation of R.C. 2911.21.[15] In Hermann, the owner of an apartment complex informed the defendant she was not permitted on the premises. However, on two occasions, the defendant entered the property, both times with the permission of a tenant. This court held the tenant, through his possessory interest in the apartment, had the authority to give the defendant permission to enter the apartment.[16] This court quoted the Fourth Appellate District, "`"Privilege" for the purposes of criminal trespass includes permission to enter the premises given by a resident of the premises.'"[17]
 {¶ 83} In this matter, the undisputed evidence is that Karen gave Murray permission to enter the trailer. Thus, even though Brian told the group to leave, Murray had a privilege, by means of Karen's permission, to be on the premises.
 {¶ 84} The state cites State v. Steffen in support of its argument that whatever permission Murray had to be in the trailer was terminated after the fight.[18] In State v. Steffen, the Supreme Court of Ohio held that once an act of violence is committed against an individual in the premises who had the authority to revoke that permission, the permission may be considered revoked.[19]
 {¶ 85} State v. Steffen is readily distinguishable from the case at bar. In Steffen, the defendant obtained permission from the sole occupant to enter the premises. Once inside, the defendant beat and, then, killed the occupant. The Supreme Court of Ohio held that the jury was justified in concluding that any permission granted to enter the residence had been implicitly revoked by the act of violence.[20] Since the victim was the only person who gave the defendant permission to be in the premises, once that permission was revoked, the defendant did not have any permission to be in the residence. In the case sub judice, Karen, not Brian, gave Murray permission to enter the trailer. An act of violence against Brian may have implicitly revoked any permission that Brian had given. However, it did not revoke the permission given by Karen. Thus, Murray still had permission, via Karen, to be in the trailer.
 {¶ 86} I will now address whether the state presented sufficient evidence to convict Murray of aggravated burglary on a complicity theory. Other than Murray, only James and Karen entered the trailer.
 {¶ 87} James was in a nearly identical situation as Murray. Both of them observed Karen use her key to enter the trailer. Therefore, for the reasons stated above, James had permission, via Karen, to enter the trailer.
 {¶ 88} In regard to Karen, the state would have to present sufficient evidence that Karen trespassed and, under the accomplice liability statute, Murray acted with the requisite culpability and aided her in committing the offense.
 {¶ 89} "A spouse may be criminally liable for trespass and/or burglary in the dwelling of the other spouse who is exercising custody or control over that dwelling."[21] In Lilly, the Supreme Court of Ohio held that a person can commit burglary against another even if they are the legal owner of the property, provided that another person is in control or custody of the property.[22]
 {¶ 90} If Karen had relinquished "custody or control" of the trailer to Brian, she would have been trespassing when she entered the trailer.
 {¶ 91} At trial, there was evidence presented that Karen moved out of the trailer one week prior to the night in question. Such evidence could support a finding that she relinquished custody or control of the premises. However, the fact that Karen left the marital residence only one week prior to the incident could also support a conclusion that she had not relinquished custody or control of the trailer.
 {¶ 92} Arguably, the facts of this case present a legitimate question as to whether Karen had "custody or control" of the trailer. However, in this matter, the question of whether Karen had relinquished custody or control of the trailer is not dispositive of the issue. The relevant inquiry is whether Murray had knowledge of Karen's questionable lack of "custody or control" of the trailer. For the reasons that follow, the state did not present sufficient evidence on this issue. Accordingly, whether Karen actually had custody or control of the trailer is irrelevant.
 {¶ 93} Murray watched as Karen opened the door of the trailer with her key. Karen informed the group they were going to the residence to retrieve her ID. There was no evidence presented by the state showing that Murray believed Karen was trespassing when she used her key to enter the trailer. Therefore, there was insufficient evidence to support a conviction for aggravated burglary by way of an accomplice liability theory based on the actions of Karen and the mental state of Murray regarding those actions.
 {¶ 94} Moreover, it is interesting to note that Karen testified she was only convicted of domestic violence as a result of these events. This was the result of a guilty plea. If the conclusion that she committed burglary is so clear, why did the state not pursue a burglary charge against her? Attorneys, prosecutors, and, now, judges have spent hours reviewing whether Karen's actions meet the criminal definition of burglary. Again, the relevant inquiry is Murray's mental state. How was he, as a lay person, expected to determine whether Karen was trespassing when she entered her own trailer, with her own key? The state needed to show that Murray had knowledge that Karen knowingly entered the trailer without a privilege to do so. This was not done.
 {¶ 95} The state failed to present sufficient evidence on all elements of the aggravated burglary charge. Specifically, the state did not show that Murray did not have a privilege to be in the trailer. Thus, the trial court erred by overruling Murray's motion for acquittal on the aggravated burglary charge.
 {¶ 96} This matter should be remanded to the trial court to enter a judgment of acquittal on the aggravated burglary charge.
[3] Dayton v. Rodgers (1979), 60 Ohio St.2d 162, 163. (Overruled on other grounds.)
[4] State v. Shadoan, 4th Dist. No. 03CA764, 2004-Ohio-1756, at ¶ 16.
[5] Id., citing State v. Jones (2001), 91 Ohio St.3d 335, 246; Statev. Carter (1992), 64 Ohio St.3d 218, 223.
[6] (Citations omitted.) State v. Shadoan, at ¶ 16.
[7] Crim.R. 29(A).
[8] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[9] R.C. 2901.01(A)(12).
[10] State v. Elstun, 1st Dist. No. C-010403, 2002-Ohio-2098, at ¶ 8, citing State v. Newell (1994), 93 Ohio App.3d 609, 611.
[11] Mariemont v. Wells (1986), 33 Ohio Misc.2d 9.
[12] Id. at 10.
[13] Id. at 10.
[14] See State v. Hermann (Mar. 8, 1996), 11th Dist. Nos. 95-P-0044 and 95-P-0045, 1996 Ohio App. LEXIS 881; State v. Hardges, 9th Dist. No. 22003, 2004-Ohio-5819, at ¶ 17; State v. Boude, 2d Dist. No. 19945, 2004-Ohio-1176, at ¶ 34; State v. Elstun, 2002-Ohio-2098, at ¶ 8;Euclid v. Moore (Dec. 9, 1999), 8th Dist. No. 75143, 1999 Ohio App. LEXIS 5900, at *16; State v. Clelland (1992), 83 Ohio App.3d 474, 490.
[15] State v. Hermann, supra.
[16] Id. at *3-5.
[17] Id. at *4, quoting State v. Clelland (1992), 83 Ohio App.3d 474,490.
[18] State v. Steffen (1987), 31 Ohio St.3d 111.
[19] Id. at 115.
[20] Id.
[21] State v. Lilly (1999), 87 Ohio St.3d 97, paragraph one of the syllabus.
[22] Id. at 102.